GREEN, et al. *v.* HATCHER, et al.

No. 40871 October 20, 1958 105 So. 2d 624

*Wilbourn, Wilbourn & Lord, Miller & Adams,* Meridian, for appellants.

*Snow, Covington & Shows,* Meridian, for appellee, Travis Hatcher.

*W. A. Temple, Gipson, Gipson & Wiley,* Meridian, for appellee, J. V. Duckworth.

McGehee, C. J.

The appellants, R. B. Green and his wife Mrs. Louise P. Green and their daughter Martha Louise Green, are

the parents and sister of Bobby Green, deceased, and they sued the appellee Travis Hatcher and his co-defendant J. V. Duckworth for both actual and punitive damages for the wrongful death of the said Bobby Green, age 10, who was struck and killed while riding his bicycle along the highway on June 7, 1956, by a Cadillac automobile driven by the said Travis Hatcher and owned by the said J. V. Duckworth.

The trial court granted a peremptory instruction in favor of the plaintiffs as to the liability of the defendant Travis Hatcher, and submitted to the jury the issue as to the alleged liability of the defendant J. V. Duckworth.

The jury returned a verdict in favor of the plaintiffs for only $3,000 against the defendant Tarvis Hatcher, but returned a verdict against the plaintiffs and in favor of the defendant J. V. Duckworth, thereby exonerating the said Duckworth of any liability in connection with the death of Bobby Green.

The plaintiff's have appealed on two grounds. First, because of the inadequacy of the verdict of $3,000 against the defendant Hatcher for the death of this ten year old boy, and second on the alleged ground that the verdict exonerating the defendant Duckworth of any blame or responsibility for the accident was against the overwhelming weight of the evidence.

There had been two previous trials on an indictment of Travis Hatcher for manslaughter in connection with the killing of Bobby Green, the first trial having resulted in a mistrial and the second having resulted in a conviction of the said defendant and his being sentenced to the state penitentiary for a term of seven years. From that conviction of Hatcher for manslaughter he took an appeal to this Court where the conviction and sentence was affirmed, as will be found in the case of Travis Hatcher v. State, reported in 92 So. 2d 552, not yet reported in the State reports. The facts disclosed upon the trial of this civil suit for the recovery of damages,

and upon which the trial court directed a verdict against defendant Hatcher as to liability and submitted the issue of both actual and punitive damages to the jury, are in all material particulars the same as those set forth in the statement of facts in the first five paragraphs of the Court's opinion rendered on the appeal of the manslaughter conviction. We hereby adopt those five paragraphs of the opinion on that appeal as being a sufficient statement of the facts developed upon the trial of this civil suit as to the liability of the defendant Hatcher.

Upon the trial of this civil suit for damages it was competent for the plaintiffs to show, and they did show, that at the time Bobby Green was killed he resided with his parents, the appellants R. B. Green, age 45, and Mrs. Louise P. Green, age 41, and his sister the appellant Martha Louise Green, age 15; that the said Bobby Green had a life expectancy of 55.47 years, his father a life expectancy of 25.21 years, his mother a life expectancy of 28.43 years, and his sister a life expectancy of 50.99 years; and that Bobby Green was in the 4th or 5th grade at school, was "a mighty fine boy" and a "Christian boy," who helped mow the lawn, feed the horses, run errands, and do anything his parents had need for him to do about the home; and he was also a healthy child.

Since the trial court granted the plaintiffs a peremptory instruction as to the liability of the defendant Travis Hatcher and there is no cross-appeal by the defendant Hatcher, the sole question presented to us for decision on this appeal as to the said defendant is the alleged inadequacy of the $3,000 verdict against him for the alleged wrongful death of this ten year old boy.

As heretofore stated, the case was submitted to the jury as to the defendant Hatcher for the assessment of damages only, both actual and punitive. Since the assessment of punitive damages was discretionary with

the jury, we proceed to the decision of the question as to whether or not the verdict for $3,000 damages was for an adequate amount. It is understandable that the jury may have been unwilling to assess punitive damages merely as a deterent to the said defendant and others from the commission of similar negligent acts in the future, since the jury evidently knew that he was serving a seven-year sentence in the penitentiary under his conviction of the crime of manslaughter in connection with the alleged wrongful killing of Bobby Green.

In the case of Gordon v. Lee, 208 Miss. 21, 43 So. 2d 665, where a five year old child was killed, although the death was not instantaneous as here, this Court reversed a judgment for $2,000 because of the inadequacy of the damages awarded, and in the course of our opinion therein we cited the case of Cumberland Tel. & Tel. Co. v. Anderson, 89 Miss. 732, 41 So. 263, wherein the Court in enumerating the proper elements of damages held that the parent was entitled to recover "also whatever sum the son might have recovered as the present value of his own expectancy." And we also cited the case of New Deemer Mfg. Co., et al v. Alexander, et al, 122 Miss. 859, 85 So. 104, 107, wherein the Court said among other things that the parties suing had 'the right to sue for the *value of the life* under the statute.''

In veiew of the conclusion that we have reached to let the verdict of the jury stand as to the non-liability of the co-defendant J. V. Duckworth, it may be that in view of the fact that the defendant Hatcher is serving the sentence in the penitentiary, and was shown to have been renting the house in which he lived at the time of the accident, and was not shown to have property subject to execution, the verdict for even the sum of $3,000 may not be collectible. But be that as it may, this Court does not feel justified in going on record as upholding as being adequate a verdict for $3,000 for the death of this ten year old boy. It must be conceded that it would

be difficult to fully compensate in dollars and cents the parents and sister of this boy for their loss of his love, companionship, etc., and the value of his life expectancy, but we are unwilling to say that a verdict for $3,000 would be adequate in this case, since the child was not legally capable of being guilty of contributory negligence in connection with his death.

The Psalmist asked of Jehovah, "What is man that Thou art mindful of him, and the son of man that Thou visiteth him?" And then in answer to his own question he added, in substance, "For thou hast made him but little lower than the angels and has crowned him with glory and with honour." William Jennings Bryan once said: "Miracle of miracles is man, most helpless of God's creatures in infancy, and most powerful when fully developed (educationally and otherwise); that before the tiny babe can lisp a single word it has given to one woman the sweet consciousness of motherhood and to one man the added strength which comes with the sense of responsibility; and before its tiny hands can lift much more than a feather's weight they have drawn two hearts closer together and its innocent prattle echoes through two lives." We do not feel justified in placing a decision in the lawbooks upholding a verdict for only $3,000 under the facts and circumstances of this case for the alleged wrongful death of this boy, and we say this without regard to whether or not the amount of the verdict rendered may be collectible. We must therefore reverse and remand the case as to the defendant Travis Hatcher for a new trial on the question of damages only.

As to the appellee J. V. Duckworth the evidence disclosed that he delivered his Cadillac automobile to the co-defendant Hatcher to be taken by the latter to his own garage for repairs, and that the said Hatcher had a reputation of being a fast, reckless and dangerous driver, but the defendant Duckworth, who was the sheriff of the county at the time of the accident and at the time

of the trial, testified that he did not know that Hatcher had that reputation, and that he had no knowledge of the numerous incidents and occasions when Hatcher is alleged to have been guilty of fast and reckless driving in regard to which he was interrogated, or of any other occasions of fast, reckless and dangerous driving of an automobile. The local minister of the Presbyterian church, who was serving churches in the vicinity where Hatcher resided in the village of Lauderdale and elsewhere, testified that he had never heard that Hatcher, the local constable, was a fast, reckless and dangerous driver. The local justice of the peace, to whom the jury may have believed that complaints would have been made of the fast, reckless and dangerous driving of Hatcher, also testified that he had not heard of Hatcher having the reputation as being a fast, reckless and dangerous driver. There was no proof that the sheriff did know of any reputation of Hatcher as being a fast, reckless and dangerous driver, and the jury was warranted in believing the testimony of the defendant Duckworth, and especially in view of the testimony of the local minister and justice of the peace along the same line, and where no highway patrolman was introduced to show that they had ever had any complaints as to the manner in which Hatcher drove automobiles on the highways.

The theory of the plaintiffs was that the defendant Duckworth had delivered his Cadillac automobile to the co-defendant Hatcher and had consented for Hatcher to drive it on a vacation with his family to Florida, but there was no proof to sustain this theory. Hatcher testified that he intended to take his family during the afternoon of that day to Florida on a vacation in his own automobile, and had intended to leave Duckworth's Cadillac at the garage to be repaired by the helpers of Hatcher after the latter left for his vacation. The testimony was in conflict as to whether or not the Cadillac was in need of the repairs.

The case was submitted to the jury as hereinbefore stated as against the defendant Duckworth both upon the issue of compensatory and punitive damages, and with the result that the jury returned a verdict in favor of the defendant Duckworth. We are unable to say that, on the conflicting testimony as to whether Duckworth knew or should have known by the exercise of reasonable care, that he was delivering his automobile to a fast, reckless and dangerous driver, the verdict of the jury was against the overwhelming weight of the evidence. There is no contention that any relation of principal and agent or master and servant existed between Duckworth and his co-defendant, Hatcher, on the occasion of the accident, other than the mere fact that he delivered his automobile to Hatcher for repairs under the circumstances contended for on behalf of the plaintiff.

 The appellants complain of certain instructions granted to the defendant J. V. Duckworth which inform the jury that it could not render a judgment against the defendant Duckworth for any amount merely because he delivered his automobile to the defendant Travis Hatcher, the complaint being in effect that there should have been added to the instructions complained of the proviso that "unless the jury believe from the evidence that the defendant Duckworth knew, or by the exercise of reasonable care should have known of the bad reputation of the defendant Hatcher as a fast, reckless and dangerous driver"; but the omission of this provision from the defendant Duckworth's instructions was cured by the following instruction given unto the plaintiffs:

"The Court instructs the jury for the plaintiffs that if you believe from a preponderance of the testimony in this case that on and prior to the 7th day of June, 1956, the defendant, Travis Hatcher, was a reckless and incompetent automobile driver, and if you further believe from a preponderance of the testimony in this

case that the defendant, J. V. Duckworth, should have known by the exercise of reasonable care and diligence that Travis Hatcher was a reckless and incompetent automobile driver, when he delivered his Cadillac automobile to Travis Hatcher to be driven by Travis Hatcher on the highways of Lauderdale County, Mississippi, then it is your sworn duty to return a verdict for the plaintiffs against both the defendant, J. V. Duckworth, and the defendant, Travis Hatcher.''

We have also examined the other grounds relied upon for a reversal of the case as to the appellee Duckworth, and we are of the opinion that no prejudicial error was committed against the plaintiffs.

We therefore affirm the judgment of non-liability as to the defendant Duckworth, and reverse and remand the case for a new trial on the issue of damages as to the defendant Travis Hatcher.

Affirmed in part, reversed in part, and remanded.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.