## McDonald v. Moore.

(Division B. Jan. 12, 1931. Suggestion of Error Overruled, January 26, 1931.)

[131 So. 824. No. 28957.]

**J. G. Holmes,** of Yazoo City, and **P. P. Lindholm,** of Lexington, for appellant.

Boothe & Pepper and Ruff, Johnson & White, all of Lexington, for appellee.

Argued orally by **J. G. Holmes** and **P. P. Lindholm,** for appellant, and by **H. H. Johnson,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was plaintiff in the court below and sued Dr. C. A. Moore for a personal injury inflicted upon her by the operation of an automobile belonging to the defendant by his minor son. The plaintiff is a child five years of age and at the time of the injury she was crossing a street in the city of Lexington, and the son of the appellee was driving the car which caused the injury. It appears that a lady working for Dr. Moore, in his office, was being taken to her home by the son of Dr. Moore at Dr. Moore's request or direction. The car was parked across the street from Dr. Moore's office, and the lady and Dr. Moore's son entered the car, and it was backed out into the street south of Tchula street, along which street the car was intended to be used.

The testimony shows that the car was backed in low, and after turning north into the intersection of the street, upon which the car was parked, with Tchula street, the

car was shifted into second, and after turning on the intersection into Tchula street it was shifted into high, and at once the child's injury was inflicted. The lady traveling in this car saw the child approaching, but the driver did not see the child. The lady screamed, and the driver applied the brakes immediately. It appears that the child was approaching the car from a drug store and ran into the car at some point on the side, according to one witness, near the front of the car. When the lady saw the child about to collide with the car she screamed, and the scream and the application of the brakes attracted the attention of a number of people. The lady testified that the child ran into the side of the car and was knocked down, and that immediately the car was stopped and young Moore got out and picked up the child and started to the drug store when some one else took the child from him and carried her into the drug store. Some of the witnesses testified that on hearing the scream and hearing the application of the brakes they immediately looked, and saw the car standing still. Some testified that the car moved some short distance, and one witness testified that the car skidded about twenty-five feet and that it ran over the child.

The injury to the child was the breaking of the large bone between the knee and the ankle, from which, of course, she suffered, and the testimony of the child's mother shows that in certain conditions of the weather she still suffered with the leg. This was at the time of the trial, which was in May following the injury in the latter part of August. The mother also testified that the child suffered or complained of a soreness when she was bathed.

Some of the witnesses estimate the speed of the car from the distance it skidded and the make of the car at as high as thirty miles per hour. The driver of the car testified that he was not looking at the speedometer but had just gone into high and was traveling slowly. Further on in his testimony he said he was not exceeding

fifteen miles per hour. The defendant, the father of the driver, some time afterwards made two experiments with the car, taking it where it was parked and following the movements of the boy as nearly as possible, and testified that by giving the car all the speed he could give it without turning it over, the highest he could make the car go was fifteen miles per hour. About two weeks after the injury, testimony for the plaintiff showed that the father of the child stated to the son of defendant, who was driving the car, that he must have been making twenty-five or thirty miles per hour, and the son said he must have been making thirty miles. This was denied by the son of the defendant.

The testimony of the plaintiff's mother was to the effect that outside of the complaints above mentioned the child was a normal healthy child and played as other children did, and that she walked as she did in the court room. The child was confined for about six weeks and did not re-enter school until after Christmas, but from the Christmas holidays until the trial in May she had been in school.

The jury returned a verdict for five hundred dollars against the defendant, from which the plaintiff appealed and the defendant takes a cross-appeal.

The plaintiff alleges two errors as grounds for reversal: First, that the court erred in not giving an instruction submitting to the jury the right to find punitive damages; and, second, that the judgment rendered is grossly inadequate. To sustain the contention that the plaintiff should have been given an instruction submitting punitive damages, it is alleged that the rate of speed being traveled was so grossly negligent as to constitute wilfulness under the conditions. The crossing where the injury occurred is one of the most used in the city of Lexington, the people largely using that crossing in going to and from their residences to their places of business. Tchula street is also one of the most traveled

streets in the city, constituting a part of State Highway No. 12. The injury occurred on Saturday afternoon, and the proof shows that travel on Saturday was usually large at this intersection. The only proof tending to show excessive or reckless rate of speed is the mere estimate of witnesses based largely upon the distance the car skidded after the brakes were applied. Taking all of the testimony in the record together and reconciling it under the rules of evidence and attributing to all the witnesses a desire to speak the truth, we think it is insufficient to show recklessness that would warrant the imposition of punitive damages. Great deference must be given to the judgment of the trial judge in passing upon the case as to whether there is proof sufficient to submit punitive damages. Of course, his judgment is not entirely controlling, but, he sees the witnesses, observes testimony, and has the local situation constituting the physical facts somewhat better in his mind and view than they can be obtained from the printed record. Giving fair weight to all of the testimony tending to show excessive speed, we agree with the trial judge that it was only sufficient to constitute simple negligence and not gross negligence. We therefore hold that there was no error in refusing to submit punitive damages to the jury.

As to the amount of the verdict, it appears to be rather small for the injury, but compensation for injuries on the facts shown in this record is peculiarly one for the jury's judgment, and unless the jury is warped by passion or prejudice and we can so see from the record, we cannot control their judgment upon this proposition. Juries are better calculated to know the extent of the injuries and the amount of damages than the appellate court. Their verdict here was sanctioned by the judgment of the trial judge, which is also entitled to weight and respect. We therefore find no error suffered by the appellant sufficient to warrant the reversal of her cause.

On cross-appeal it is contended that the defendant should have had a peremptory instruction. We think the

facts in the record are sufficient to make a case of liability on simple negligence. There is testimony from which the jury could have inferred that the speed exceeded the statutory limit. The boy's testimony also tended to show that he may not have kept a proper lookout. He testified that at the time of the injury he was looking straight ahead and did not see the child, and that the child was not injured by being struck by the front of the car. It is true he testified that in approaching the intersection he looked both ways, but after turning into the intersection he looked straight ahead. The driver must keep a reasonable lookout for persons in the line to be traversed. Taking all the evidence together, we are of the opinion that the case was properly submitted to the jury, and the verdict will not be disturbed. Affirmed on direct and cross-appeal.

Affirmed.