CHADWICK *v.* BUSH *et al.*

(Division B. Oct. 28, 1935.)

[163 So. 823. No. 31811.]

Lotterhos & Travis, of Jackson, **Hugh B. Gillespie**, of Raymond, and **A. B. Butts**, of University, for appellant.

78

Wells, Wells & Lipscomb, of Jackson, and M. Ney Williams, of Raymond, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Shortly after midnight on June 6, 1934, appellant's decedent was traveling northward in a coupe automobile on a public highway in Hinds county, and collided with the widely projecting side of the homemade body of a commercial truck owned by one of appellees and being driven in the opposite direction by the other of appellees, an employee of the owner, as a result of which collision the coupe was wrecked and appellant's decedent was so severely injured that he died within a few hours.

Suit was instituted, and on the trial of the case the following instruction was granted at the request of the plaintiff, appellant here: "The court instructs the jury for the plaintiff that if you believe from a preponderance of the testimony that a reasonable and prudent man operating a truck on the public highway at night would not operate a truck of a width of eighty-eight inches or seven feet and four inches, without providing a light of some kind on the left forward part of the truck body for the purpose of warning approaching cars of the width of the truck, and if you further believe from a preponderance of the testimony that at the time of the collision involved in this case the defendants were operating a truck with a body of seven feet four inches in width, without displaying such lights, and if you further believe that such conduct of the defendants contributed directly and proximately to the collision and resulting death, then such conduct would constitute negligence on the part of the defendants and it will be your sworn duty to bring in a verdict for the plaintiff."

At the request of the defendants, appellees here, the court granted the following two instructions:

"The court instructs the jury for the defendants that there is no statute in Mississippi requiring defendants to put or keep any lights, or any sign, of any kind or character on the front or sides of the body of the truck involved in this accident."

"The court instructs the jury for the defendants that the width of the truck in question at its widest part, to-wit, eighty-eight inches, was not in violation of any statute of the state of Mississippi."

Long before there were any statutes in this state, it was the established law of the land, applicable to every member of the civil community, that each shall so use his own or otherwise so guide his conduct as not unreasonably to injure another; and that an actionable wrong has been committed when a responsible person has neglected to use a reasonable degree of care and diligence

for the protection of another person from such injury as under the existing circumstances should reasonably have been foreseen as a natural and proximate conse-'quence of that negligence. It requires no statute to give force and validity to the principles of the law of negligence—no more than as to any other portion of the great field of the common law. The first above-quoted instruction was a substantially correct instruction, bottomed upon the settled principles in respect to actionable negligence to which we have adverted, and no statute was, or is, necessary to give full force and validity to that instruction. And whatever may have been the purpose in the request for the two quoted instructions to the effect that no statute had been enacted prescribing the law as given in the first quoted instruction, we must hold it to be reversible error to grant them, as was done, since we cannot say with dependable confidence that the jury was not misled thereby into supposing that since no statute had been enacted validating the instruction, the law as therein announced was not fully obligatory upon them. We may recall, as an illustration in point, the case when a prosecution for assault and battery, as a misdemeanor, was dismissed by the justice of the peace because the particular offense was not covered in the Code chapter on crimes.

Under our constitutional system in this state, jurors are the judges of the facts, and the trial judge, throughout the entire trial, is the sole judge of the law insofar as the judge gives the law in written instructions. In so far as the trial judge pronounces the law to the jury by written instructions, the jury must follow the law as thus given, or else violate their oaths. The result is that the judge is not required to state, and ought not to state, the source from which he obtains the law which he gives in charge. So far as the jury is concerned, the judge needs no authority other than himself as to the law; and when he gives the law he must give it in such manner that the instructions shall not be left open to doubt as to whether

they have in fact the actual force and sanction of law, and, except as to cautionary instructions, no such terms shall be used or counter instructions allowed as may induce in the minds of the jurors, or some of them, the thought that the instructions are intended to be advisory only. More than seventy-five per cent of the instructions given in jury trials are based solely upon the common law. What would be the state of the records of jury trials if it were allowed that for every instruction based upon the common law the other side could get counter instructions that no statutes had been enacted covering the instructions granted at the request of the opposing party, and what dependable assurance would we feel here upon review that the jury or some members thereof were not affected thereby?

Since the judgment must be reversed for the error mentioned, we do not pursue the other assignments, particularly in view of the fact that, as the record appears to us, some of the important details in respect to the physical situation at the point of the injury, and perhaps in other respects, were not as fully developed as probably may be on a new trial.

Reversed and remanded.