CALLAWAY, ADMRX. *v.* HADDAD, et al.

No. 39829          December 19, 1955          83 So. 2d 825

*Caldwell & Caldwell,* Charleston; *John S. Beach, Wright, Overstreet & Kuykendall,* Jackson, for appellant.

*Lipscomb, Ray & Barksdale,* Jackson, for appellees.

HALL, J.

Appellant brought this suit against the appellees for the recovery of damages for the death of her brother, a single man, who received fatal injuries, when a truck owned by Haddad, and operated by Boyett, his employee, in which the deceased was riding, collided with an automobile operated by Tonnie Carter in the intersection of two highways in Rankin County. Carter was traveling South on Highway 468. Boyett was traveling East on old Highway 80. There is a Stop sign on Highway 80 which requires all traffic to stop before entering the intersection. There is no such sign on Highway 468. Boyett intended to turn right onto 468 so as to go to Whitfield to install a record player. He had operated this truck many times before. It was a 1950 model Ford

Vanette type, with cab over engine. The driver's seat was separate from the seat provided for the other passenger and was on a kind of pedestal described in the record as similar to the pedestal which holds the seats at counters in a restaurant. Near the floor of the cab, on the right side of this pedestal, there was a little lever about two inches in length which was designed for use in adjusting the position of the driver's seat. Boyett testified that he did not know of the presence of this lever. He had been over this intersection before and knew of the presence of the stop sign.

As he approached the intersection he saw the stop sign and also saw the Carter car traveling from the North to the South. He testified that when he tried to apply his foot brakes the cuff of his trousers caught on this lever and he was momentarily unable to apply the brakes until he tore it loose from his trousers, and he ran the front of the truck broadside into the Carter car. He admitted that there was plenty of space along Highway 468 onto which he could have turned and avoided a collision. The appellees relied upon the sudden emergency doctrine which the jury accepted by finding a verdict in favor of the defendants.

The appellants contend that the lower court erred in granting the following instruction:

"The Court instructs the jury for the defendants that if you believe from a preponderance of the evidence that the defendant Boyett was confronted at the time of and immediately prior to the accident with a sudden emergency, sudden emergency being defined as a sudden and unusual occurrence that occurred unexpectedly and could not have been foreseen by a reasonable and prudent man acting under similar circumstances, and that the emergency was created through no negligence on the part of the said Boyett, and if you further believe from a preponderance of the evidence that the said Boyett caught the cuff of his right trousers leg in the handle

that adjusts the seat and that otherwise had he not caught his trousers leg he could and would have applied his brakes and stopped, and if you believe that this constituted a sudden emergency and was the sole cause of the accident, then it is your sworn duty to find for the defendants.''

■■ ■ It will be noted that after defining sudden emergency the instruction correctly states that the jury must believe that the emergency was created through no negligence on the part of Boyett. But this is not enough. The instruction should have further stated that after the emergency arose Boyett exercised such care as a reasonably prudent and capable driver would use under the unusual circumstances. This is made clear in 1 Blashfield, Cyc. of Automobile Law and Practice, Sec. 668, pp. 538-546; which was cited by us with approval in the recent case of Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 43, 50 So. 2d 902. There was no other instruction which supplied this omission from the instruction under consideration, and consequently the jury was not correctly instructed as to the applicable law, for which reason the judgment must be reversed and the cause remanded.

Reversed and remanded.

*McGehee,* C.J., and *Kyle, Arrington* and *Gillespie,* JJ., concur.