CRUMP, BY NEXT FRIEND *v.* BROWN

No. 42639          April 15, 1963          151 So. 2d 822

*Walker & Sullivan,* Mendenhall; *Satterfield, Shell, Williams & Buford, Jerome B. Steen,* Jackson, for appellant.

*George B. Grubbs,* Mendenhall; *Heidelberg, Woodliff & Franks,* Jackson, for appellee.

Gillespie, J.

Appellant-plaintiff sued appellee-defendant for personal injuries sustained when appellant was struck by an automobile driven by appellee. The jury returned a verdict for defendant and judgment was entered accordingly. Plaintiff appealed to this Court.

Appellee was driving east along Highway 28. When she was about 100 yards west of a country store, and while traveling at 30 to 35 miles per hour, appellee saw a group of people standing about six feet south of the highway between the highway and the store. When she saw these people, she lifted her foot from the accelerator and the automobile began to slow down, but she did not then apply her brakes or blow her horn. When her automobile was about 30 or 40 feet from where the people were standing, appellant ran or quickly moved into the highway. Appellee applied her brakes and turned right to miss appellant, but appellant turned back south and when appellee tried to turn left the vehicle struck and injured appellant. The accident occurred in the early evening; appellant is an adult.

(Hn 1) Appellant contends that the lower court erred in refusing to grant her a peremptory instruction on

the issue of liability, but we are of the opinion that this was not error.

Appellant contends that the verdict was manifestly against all reasonable probability and was contrary to the overwhelming weight of the evidence. This presents a close question but we find it unnecessary to pass upon it for the reason that the case must be reversed and remanded for a new trial for other reasons and a decision on whether the verdict was against the overwhelming weight of the evidence would not change the result.

(Hn 2) Appellant assigns as error the giving, at appellee's request, of an instruction on the sudden emergency rule. It is first contended by appellant that under the facts there was no justification for the submission to the jury of an instruction on the sudden emergency rule. She relies principally upon the cases of Avery v. Collins, 171 Miss. 636, 157 So. 695; Jones v. Dixie Greyhound Lines, 211 Miss. 34, 50 So. 2d 902, and Moak v. Black, 230 Miss. 337, 92 So. 2d 845. All the cited cases involve injuries to children who were seen in the place of apparent danger in ample time to give the driver an opportunity to have avoided the injuries. These cases do not apply here. Neither is Pullin v. Nabors, 240 Miss. 864, 128 So. 2d 117 in point on the facts.

(Hn 3) Appellant next contends that it was error to grant the sudden emergency instruction because it did not define "sudden emergency" and cites Moore v. Taggart, 233 Miss. 389, 102 So. 2d 333, and Pullin v. Nabors, supra. These cases hold that the instruction should define "sudden emergency" and it was error for the instruction to be given without such definition, however, this Court does not say that this error alone would justify reversal.

(Hn 4) Appellant also contends that it was error to grant the sudden emergency instruction because it failed

to require appellee, in order to have the benefit of the sudden emergency rule, to exercise such care as a reasonably prudent and capable driver would use under the unusual circumstances. This is an essential requirement in an instruction submitting the sudden emergency rule, and its omission in this case was reversible error. Callaway v. Haddad, 226 Miss. 177, 83 So. 2d 825; Moore v. Taggart, 233 Miss. 389, 102 So. 2d 333.

(Hn 5) Appellee contends that the exact instruction was granted in the case of Cinderella Foods v. Miller (Miss.), 52 So. 2d 641, but an examination of that case reveals that the specific issue here involved was not there raised. Appellee also says that the deficiency in this instruction was cured because an instruction defining negligence was granted appellee and the Court should hold that when the instructions are read together the omission was supplied. We are of the opinion that the general abstract instruction attempting a definition of the word "negligence", wherein the jury was told that the word "negligence" as used in the instructions means the doing of something which a reasonably prudent person would not have done under like circumstances, or the failure to do something which a reasonably prudent person would have done under like or similar circumstances, does not cure the defect in the sudden emergency instruction. The abstract definition of "negligence" is not an adequate substitute for telling a jury that after a sudden emergency has arisen the driver of a vehicle must exercise such care as a reasonably prudent and capable driver would use under the unusual circumstances.

(Hn 6) Finally, appellee cites Rule 11 of the Revised Rules of the Supreme Court of Mississippi, which states that no judgment shall be reversed on the ground of misdirection to the jury unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice. But we do not

think this is a case for the application of Rule 11. It is a very close case on the facts. Under the circumstances, the jury should have been properly instructed. The crucial question was involved in the sudden emergency instruction, which was not qualified as required by law.

Reversed and remanded.

*Lee, P. J., and McElroy, Rodgers and Jones, JJ.,* concur.