ANNIE PEARL HINTON, MOTHER AND NEXT FRIEND OF VERA ROSE HINTON v. DELCHER BROTHERS MOVING & STORAGE COMPANY, et al.

No. 42889          February 17, 1964          160 So. 2d 694

*James E. Brown,* Starkville, for appellant.

*Mitchell, McNutt & Bush,* Tupelo, for appellees.

JONES, J.

This was a suit for damages for the death of a seven months' old illegitimate child. The death resulted from a collision between a truck owned by Delcher, driven by Mease, and an automobile in which the child was riding, driven by Schaffer. It happened about two miles west of Artesia, Mississippi. Schaffer started into Highway 45. He stopped, but where he stopped his view to the north, from which direction Delcher's truck was coming, was obstructed. He drove into the highway, and testified that when he saw the truck it was about fifty or sixty yards north. Schaffer was entering from the west and undertaking to go north. The collision occurred in the east or northbound lane of traffic of Highway 45, which highway runs north and south. On the trial, the jury returned a verdict for Delcher, and against Schaffer for the sum of $500.

█ █ Defendant Delcher invoked the doctrine of a sudden emergency, and in pursuance thereof obtained an instruction which is almost a verbatim copy of the instruction condemned in the case of G.M. & O. Railroad Co. v. Withers, decided June 3, 1963, and reported in 154 So. 2d 157. In the Withers case various decisions regarding the instruction on sudden emergency were reviewed and analyzed, and it was definitely determined what essential elements should be incorporated in such an instruction when invoked by a party. As stated, the instruction here involved is almost an exact copy of the instruction condemned in the Withers case, and for that reason it is necessary that this case be reversed and remanded for a new trial on all issues as to Delcher.

█ █ █ We affirm the case as to liability against the defendant Schaffer, but hold that the amount of $500 for the life of a child is grossly inadequate. See Gordon v. Lee, 208 Miss. 21, 43 So. 2d 665; Green v. Hatcher, 236 Miss. 830, 105 So. 2d 624.

Reversed and remanded on all issues as to Delcher; affirmed on liability as to Schaffer; remanded on the question of damages alone as to Schaffer.

*Lee, C. J., and McElroy, Rodgers and Brady, JJ.,* concur.

## ON SUGGESTION OF ERROR

McElroy, J.

The suggestion of error emphasizes that the opinion and judgment hereinbefore rendered in this cause was entered when there was defective process as to the appellee Schaffer. We have re-examined the process on said Schaffer and agree that the same was defective. For this reason the suggestion of error is sustained to the extent that the former opinion is withdrawn, the former judgment set aside, and the case is remanded to the docket with directions to the clerk of this Court to summon the appellee Schaffer to appear at the next return day of this Court. No further briefs will be considered except briefs, if any, filed by Schaffer in his own behalf and briefs in response to such brief of Schaffer, if any.

The case will be reset by the clerk of this Court for resubmission to the Court.

Suggestion of error sustained with directions as set out herein.

All Justices concur.

## ON RESUBMISSION

Kyle, P. J.:

This case is a suit for damages for the wrongful death of a seven-months-old illegitimate child. The death resulted from a collision between a truck owned by Delcher Brothers Moving & Storage Company driven by Richard Mease, and an automobile in which the child

was riding, driven by Eddie B. Schaffer. The jury returned a verdict in favor of Delcher and Mease, and against Schaffer for $500, and a judgment was entered in favor of the plaintiff against Schaffer for that amount, and the case was dismissed as to Delcher and Mease. From that judgment the plaintiff has prosecuted this appeal.

The case was originally argued and submitted to the Court on January 27, 1964. A decision was rendered and a written opinion was filed on February 17, 1964, reversing the judgment of the lower court as to the appellee Delcher, because of errors in an instruction on sudden emergency granted by the trial judge to the appellees Delcher and Mease, and remanding the case for a new trial on all issues as to the appellee Delcher, and affirming the judgment of the lower court as to the appellee Schaffer on the issue of liability, but holding that the amount of $500 for the life of the child was grossly inadequate and remanding the case for a new trial on the question of damages alone as to Schaffer. See opinion rendered in Cause No. 42,889, February 17, 1964, 160 So. 2d 694.

A suggestion of error was filed on behalf of the appellees Delcher and Mease on February 27, 1964, in which it was stated among other things, that the appellee Schaffer was not before the court on the appeal for the reason that as to him the process was void and the court had no jurisdiction, and the appeal should have been dismissed. The appellees, in their suggestion of error, also called the attention of the court to the fact that the opinion rendered by the Court on February 17, 1964, was entirely silent as to the appellee Mease.

The suggestion of error was duly considered by the Court. The process served on the defendant Schaffer was re-examined and found to be defective. The suggestion of error was therefore sustained; the opinion rendered on February 17, 1964, was withdrawn; and

the judgment entered on that date was set aside, and the cause remanded to the docket, with direction to the clerk to issue summons for the appellee Schaffer to appear at the next return day of the court to answer said appeal. A judgment to that effect was entered on April 13, 1964. See opinion rendered in Cause No. 42,889, on April 13, 1964, 162 So. 2d 651.

The record shows that an alias summons was duly issued by the Clerk of this Court for the appellee Schaffer on April 14, 1964, returnable on the first Monday of May 1964, and was duly executed by the Sheriff of Oktibbeha County by personal service of a copy of same on the appellee Schaffer on April 16, 1964. The case was then reset for hearing and resubmission for a final decision by this Court on September 15, 1964, being a regular day of the September 1964 term of the court.

■■ ■ The Court, after a careful reexamination of the briefs filed on behalf of the respective parties and a careful consideration of the case on its merits, is of the opinion that the case was correctly decided by the Court on the original hearing, and that the opinion rendered on February 17, 1964, should be amended and corrected to show that the judgment of the lower court is reversed and remanded for a new trial on all issues as to the appellee Delcher and the appellee Mease, whose name was inadvertently omitted in the second and fourth paragraphs of the opinion; and affirmed on liability as to Schaffer and remanded for a new trial on the question of damages only as to him; and as thus amended the opinion rendered on February 17, 1964, is reinstated as the decision of the Court in this case.

Reversed and remanded on all issues as to appellees Delcher and Mease; affirmed on liability as to the appellee Schaffer, and remanded on the question of damages alone as to Schaffer.

*Gillespie, McElroy, Jones and Brady, JJ.,* concur.