HARVEY *v.* BUSH, et al., CO-EXECUTORS OF ESTATE OF A. A. BUSH, DECEASED

No. 43445          March 22, 1965          173 So. 2d 125

*Maxey & Clark,* Laurel; *Williamson, Pigford & Hend-ricks,* Meridian, for appellant.

328

*Warner Beard, Jr., Melvin, Melvin & Melvin,* Laurel, for appellees.

GILLESPIE, J.

Mrs. Elsie Mae Harvey, plaintiff below and appellant here, sued two contractors, defendants below and appellees here, seeking damages for personal injuries sustained when plaintiff struck a sand barrier on a bridge over a creek on Interstate Highway 59. The jury

returned a verdict for the defendants and Mrs. Harvey appealed. Mrs. Harvey will be referred to herein as the plaintiff and the contractors as the defendants.

Since the jury found for defendants, the facts will be stated in the light most favorable to defendants.

Defendants were awarded contracts by the Mississippi State Highway Commission to complete the highway north of the north end of the bridge over Rocky Creek, which creek is located about twenty miles north of Hattiesburg. Interstate Highway 59 is a new highway replacing Highway No. 11, running generally north and south between Laurel and Hattiesburg. The highway consists of two northbound lanes and two southbound lanes, separated by a median strip which is about 75 feet wide where the highway crosses Rocky Creek. There are two separate concrete bridges across the creek, one for northbound traffic and one for southbound traffic. The bridge for northbound traffic is about 155 to 160 feet long, designed for two lanes of traffic, with concrete guard rails on each side. This bridge had been completed sometime before defendants began their work on the highway north of the bridge. Defendants had no part in constructing the bridge or the highway south of the bridge. At the time of the accident in question, which occurred on October 19, 1962, defendants had been working on the highway north of said bridge for about a year and were through mixing the cement in the soil and placing hot-mix on the top of the soil-cement mixture.

Sometime before the occurrence involved in this suit, someone placed a sand barrier across the northerly end of the bridge spanning the two northbound lanes of the highway. The proof did not show who placed the sand on the bridge. This pile of sand was several feet high, running across both lanes. The public was using the highway to some extent from Hattiesburg to the bridge in question. At the time plaintiff ran into the sand barri-

er, she was traveling from Hattiesburg to Meridian. She turned on her lights about the time she entered on Interstate Highway 59 near Hattiesburg, and at the time she struck the sand barrier it was dark. She approached the Rocky Creek Bridge traveling at a speed of between 60 and 65 miles per hour, with her lights on dim. According to her testimony, and that of her daughter who was riding with her, she saw the sand barrier when she was 260 or 270 feet from it. She immediately applied her brakes and skidded on the highway before she reached the bridge, slowing her car down to some extent. Her testimony was that after she entered onto the bridge there was some loose sand which prevented her brakes from operating correctly and the car slid over the sand into the barrier, resulting in personal injuries to her.

Although plaintiff and her daughter denied seeing any signs on the highway, the proof showed, and the jury found, that some work was being performed south of the Rocky Creek bridge by contractors other than the defendants. There were project signs twelve by six feet at each end of the project. At the place where plaintiff entered upon Interstate Highway No. 59 near Hattiesburg there was a "Road Closed" sign. At this interchange there were frames for other signs with no wording thereon. At Moselle, between Hattiesburg and the place where the accident occurred, there was a "Road Closed" sign in the middle of the two northbound lanes, so located that a traveler had to get one wheel off the pavement in order to get around it. Further north at Highway No. 588 turnoff, there was another sign in the middle of the road similar to the one at Moselle. Still further north, at the Ellisville State School turnoff, two or three miles south of the Rocky Creek bridge, there was another sign three or four feet high and five or six feet wide with "Road Closed" on it, which was also in the middle of the two northbound lanes. A short

distance north of the Rocky Creek bridge, about half way down an incline, there was on the right side of the road a sign reading "Bridge Closed" or "Road Closed." There was a place to turn off south of the bridge. There were no barricades at the bridge other than the sand, although at sometime during the progress of the work barricades had been on the bridge.

The evidence was sufficient to justify the jury in finding that the sole proximate cause of plaintiff's injuries was her own negligence in driving on a highway she knew or should have known was under construction at a speed of sixty to sixty-five miles an hour with her lights on dim, and in failing to keep a proper lookout.

■■ ■ Plaintiff assigns as error the refusal of the lower court to grant the following instruction requested by her:

> The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that the plaintiff did not have sufficient facts from common observation, from signs or physical indications upon or along side said road as she approached the barricade to put her on notice that said highway was under construction, then the said plaintiff was only required, under the law, to exercise ordinary care in the operation of her automobile.

■■ ■ Plaintiff was required to exercise ordinary care if the highway was completed, but if the facts and circumstances were sufficient to put her on notice that the highway was, in fact, under construction, then the law required her to exercise vigilant caution and to keep a constant lookout for barricades and other objects that might be in the highway in connection with the construction. Graves v. Hamilton, 184 Miss. 239, 184 So. 56 (1938). Defendants requested and were granted an instruction embodying their theory that the degree of care on the part of plaintiff was vigilant caution and constant lookout. Plaintiff was entitled to an instruction embodying her theory that she was not put on no-

tice that the highway was under construction, and she was therefore charged with ordinary care only. But the requested instruction does not allow the jury to consider all the facts and circumstances that could put plaintiff on notice that the highway was under construction. The instruction limited the notice factors to common observation by plaintiff and signs or physical indications upon or along said road. The proof showed, and the jury could have found, that plaintiff had actual notice that the road was under construction and could be traversed only as far as Moselle, from her conversation with Robert Hargon immediately before leaving Hattiesburg. The jury had a right to believe Hargon when he testified that he discussed with plaintiff the route back to Meridian, about Interstate No. 59 being closed, and that he had travelled north on the new highway as far as Moselle where he turned off. The instruction was properly refused.

We have carefully considered the contention of plaintiff that the lower court erred in granting certain instructions to defendants, but we find no reversible error.

Plaintiff also contends that the lower court erred in overruling her motion for a new trial on the ground that the verdict was not supported by the evidence. The preponderance of the testimony established that the signs above referred to were maintained by the defendants and other contractors and we are of the opinion that the jury was fully justified in finding that the sole proximate cause of the accident and injuries to plaintiff was her own negligence.

Finding no reversible error in the record, the case is affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Rodgers, and Patterson, JJ.,* concur.