CONTINENTAL SOUTHERN LINES, INC. *v.* LUM, et ux.

No. 43754 January 24, 1966 182 So. 2d 228

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *Dent, Ward, Martin & Terry,* Vicksburg, for appellant.

*Wells & Tipton,* Natchez; *Prewitt, Bullard & Braddock,* Vicksburg, for appellees.

RODGERS, J.

Clinton E. Lum and his wife, Kathleen Lum, brought separate suits against the Continental Southern Lines, Inc. for personal injuries, and the two suits were consolidated and tried jointly, resulting in a verdict in favor of Clinton E. Lum for the sum of $51,000, and a verdict in favor of Mrs. Kathleen Lum in the sum of $8,500. Continental Southern Lines, Inc. has appealed from this judgment. Mrs. Kathleen Lum has cross-appealed from the judgment rendered in her favor.

These suits arose out of an automobile accident which occurred on U. S. Highway 61 about four miles south of Port Gibson, Mississippi, on August 26, 1962, at or about 8:30 P. M.

Just prior to the accident, Clinton E. Lum was driving his new 1962 Chevrolet pickup truck following appellant's bus at a distance of 100 to 200 feet, and Mrs. Lum was riding as a passenger in the truck with her husband. The bus was driven by George W. Keys. It had been raining. The night was dark. Mr. and Mrs. Lum observed that the bus had no lights on the back except clearance lights at the top of the bus. They saw no signal lights indicating a stop. Nevertheless, the bus came to a stop partially on the paved portion of the highway, for the purpose of permitting a passenger to disembark. The appellees claim the bus stopped without warning, blocking the entire northbound traffic lane at a time when they had reached a point within sixty feet of the bus. They claim that they were traveling down hill at a rate of forty to forty-five miles an hour, and as they started out of the valley up the next hill, the bus stopped, so that when they became aware that the bus had stopped, Mr. Lum immediately put on his brakes so as to prevent striking the bus. When the brakes took effect, the truck skidded so that the front of the truck protruded about three feet into the south traffic lane, striking a southbound Chevrolet automobile driven by Lamar Chisolm. Appellant insists that the bus was stopped in a normal manner at the widest available place on the highway for the purpose of permitting passengers to disembark, and that all of the lights on the back of the bus were illuminated — "lit up like a Christmas tree" — that the brake and signal lights were in good order and in operation. The bus driver observed from his rear view mirror that an accident had occurred but thought it was a "sideswipe" and drove away without further investigation.

Both appellees received serious personal injuries which they claim were caused by the negligent manner in which the bus was parked on the highway without reasonable warning of the danger to them. On the other hand, appellant claims that the accident was caused by the negligence of Clinton E. Lum in following the bus too closely, or that Mr. Lum was in fact attempting to pass the bus going up hill and ran into a southbound automobile; that the driver of the bus was in no way involved in the accident. The jury decided the issue in favor of appellees. Appellant, however, insists that the verdict was obtained as a result of certain erroneous instructions to the jury, as set out in the appendix attached hereto.

The appellant, Continental Southern Lines, Inc., contends that the court erred in the following respects: (1) in granting appellees an instruction on the emergency doctrine; (2) in granting appellees an instruction permitting the jury to assess punitive damages under the facts in this case, and at the same time refusing appellant an instruction stating punitive damages should not be allowed; (3) in granting appellees an instruction stating it was the *strict* duty of appellant not to stop *et cetera,* thereby requiring a higher degree of care than ordinary care; and (4) in granting an instruction under Mississippi Code Annotated section 8215 (a) (1957) requiring the bus company to leave a twenty-foot unobstructed width of the highway without regard as to whether or not it was practicable.

Mrs. Kathleen Lum, appellee, cross-appealed, and contends that the verdict in her favor was grossly inadequate, to such an extent that it shows that the jury was prompted by bias and prejudice in arriving at the verdict in the light of the unconditional medical proof, with extensive and permanent injuries of the cross-appellant, Kathleen Lum.

We have reached the conclusion that this case must be reversed.

## I

The contention of Continental Southern Lines, Inc. is that a sudden emergency instruction was erroneously granted appellees because: First, The instruction did not contain the three basic elements for such instruction and was erroneous as to form. Second, It is contended that Mr. Lum was guilty of negligence which contributed to the emergency and was therefore not entitled to the sudden emergency instruction.

These objections require a discussion of the history of the sudden emergency doctrine, as shown by opinions of this Court, first, as to the form, and, second, as to when the instruction should be granted.

 We have constantly followed the rule that ''If a motorist, by his own negligence, has placed himself in a position of peril, and being called upon in sudden emergency to act mistakes the best course through an error of judgment, he is not thereby relieved'' of liability. Ladner v. Merchants Bank & Trust Co., 251 Miss. 804, 171 So. 2d 503, 509 (1965).

 This Court has repeatedly pointed out that an instruction on the doctrine of sudden emergency in negligence cases should not be given to the jury when it appears to the trial judges — as a matter of law — that the person requesting the instruction, proximately caused, or contributed to the cause of the emergency by his own negligence. Gregory v. Thompson, 248 Miss. 431, 160 So. 2d 195 (1964); Hinton v. Delcher Bros. Moving & Storage Co., 250 Miss. 535, 160 So. 2d 694 (1964); Fink v. East Miss. Elec. Power Ass'n, 234 Miss. 221, 105 So. 2d 548 (1958); Meeks v. McBeath, 231 Miss. 504, 95 So. 2d 791 (1957); Moak v. Black, 230 Miss. 337, 92 So. 2d 845 (1957); Continental Southern Lines, Inc. v. Klaas, 217 Miss. 795, 63 So. 2d 211, 65 So. 2d 575, 67 So. 2d 256 (1953). Cf. Peel v. Gulf Transport Co., 252 Miss. 797, 174 So. 2d 377 (1965); Kettle v. Musser's Potato Chips, Inc., 249 Miss. 215, 162 So. 2d 243 (1964);

Rivers v. Turner, 223 Miss. 673, 78 So. 2d 903 (1955);
Miss. Cent. R. R. Co. v. Aultman, 173 Miss. 622, 160
So. 737 (1935).

■■ We have held that the "emergency instruction"
should not be granted where the court can hold, as a
matter of law, that the person requesting the instruction
should have reasonably anticipated, or foreseen the
emergency from the surrounding circumstances. Peel v.
Gulf Transport Co., 252 Miss. 797, 174 So. 2d 377 (1965);
Pullin v. Nabors, 240 Miss. 864, 128 So. 2d 117 (1961);
Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50
So. 2d 902 (1951). ■■ One cannot wholly ignore con-
ditions which he knows to exist and be relieved of the
responsibility with which he is charged under the law
by asserting that the known conditions resulted in a
sudden emergency. Ladner v. Merchants Bank & Trust
Co., 251 Miss. 804, 171 So. 2d 503 (1965); Peel v. Gulf
Transport Co., 252 Miss. 797, 174 So. 2d 377 (1965).

■■ On the other hand, we have held that an in-
struction on the doctrine of sudden emergency should
be given to the jury when there is an issue of fact from
the evidence, as to whether or not a sudden emergency
existed, and where the trial judge cannot say, as a matter
of law, that the actor did not proximately cause the
sudden emergency. In short, when the testimony raises
an issue of fact, as to a sudden emergency, it becomes
a jury question. Lum v. Jackson Industrial Uniform
Serv., Inc., 253 Miss. 342, 175 So. 2d 501 (1965) Rushing
v. Edwards, 244 Miss. 677, 145 So. 2d 695 (1962). See
also Vann v. Tankersly, 164 Miss 748, 145 So. 642 (1933);
38 Am. Jur. *Negligence,* § 41 (1941).

■■ When it is determined that a sudden emergency
instruction should be given to the jury, the form of the
instruction must contain the basic elements: (1) The
actor, requesting the instruction must have used rea-
sonable care before the emergency arose, the instruction
must show that the actor did not negligently cause or

contribute to the cause of the emergency; (2) it must define briefly the sudden emergency, stating the facts from which the jury might decide to warrant a finding of sudden emergency; and (3) after the sudden emergency arose, he must have exercised such care as a reasonably prudent (capable driver) would have used under the unusual circumstances. Ladner v. Merchants Bank & Trust Co., 251 Miss. 804, 171 So. 2d 503 (1965); Kettle v. Musser's Potato Chips, Inc., 249 Miss. 212, 162 So. 2d 243 (1964); Crump v. Brown, 246 Miss. 631, 151 So. 2d 822 (1963); Pullin v. Nabors, 240 Miss. 864, 128 So. 2d 117 (1961); Moore v. Taggart, 233 Miss. 389, 102 So. 2d 333 (1958); Callaway v. Haddad, 226 Miss. 177, 83 So. 2d 825 (1955).

 ██ A casual reading of the sudden emergency instruction, attached hereto [1] will reveal that it does not measure up to the standard required by the foregoing authorities, and particularly is this true since it does not describe the emergency claimed to have suddenly happened to cause the plaintiff to perform the acts caused by the sudden emergency. Moreover, there is no other instruction offered the jury which could have supplied the defect, and where such defect is not supplied in another instruction, the case must be reversed. Crump v. Brown, 246 Miss. 631, 151 So. 2d 822 (1963); Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50 So. 2d 902 (1951).

In view of the defendant's testimony that the bus did not stop suddenly, which is not denied by the plaintiffs, appellees here, and since the appellees followed the bus several miles, under conditions known to them, it is doubtful that the sudden emergency instruction should have been granted. We do not pass upon this question at this time.

## II

 ██ The action of the court in granting an instruction to the appellees permitting the jury to assess puni-

tive damages against appellant, [2] and the instruction which was refused the appellant, [3] wherein it sought to have the court charge the jury that punitive damages could not be assessed against it, was error, under the facts in this case.

██ ██ We said in Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So. 2d 226 (1962) that:

"The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud or oppression and not merely injuries but injuries inflicted in the spirit of wanton disregard for the rights of others. In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule." 244 Miss. 150, 151, 141 So. 2d 233.

See: Monsanto Co. v. Cochran, 180 So. 2d 624, 626 (Miss. 1965); Maupin v. Dennis, 175 So. 2d 130 (Miss. 1965); Morris v. Huff, 238 Miss. 111, 117 So. 2d 800 (1960); Greyhound Corp. v. Townsend, 234 Miss. 839, 108 So. 2d 208 (1959); Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461 (1952); McDonald v. Moore, 159 Miss. 326, 131 So. 824 (1931). Cf. Bush v. Watkins, 224 Miss. 238, 80 So. 2d 19 (1955); Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So. 2d 578 (1951); Teche Lines, Inc. v. Pope, 175 Miss. 393, 166 So. 539 (1936); Neal v. Newburger Co., 154 Miss. 691, 123 So. 861 (1929). The fact that the bus driver drove away from the scene of the accident, under the evidence here presented, does not require an instruction on punitive damages. Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 167 So. 2d 924 (1964).

## III

The instruction granted appellees based upon Mississippi Code Annotated section 8192 (c) (1957), is incorrectly worded. [4]

The word "strict" connotes a severe or exacting requirement, closely or rigorously enforced or maintained, absolutely without deviation, narrowly or carefully limited. See: Webster's Third New International Dictionary. The use of the word "strict" requires a greater degree of care in the operation of the bus than is required by our statutory law. Edwards v. Murphree, 249 Miss. 78, 160 So. 2d 689 (1964); Chadwick v. Bush, 174 Miss. 75, 163 So. 823 (1935); 38 Am. Jur. *Negligence* §§ 30, 43 (1941).

The use of the word "strict" in the instruction is similar in effect to the use of the words "vigilant lookout" heretofore condemned. Peel v. Gulf Transp. Co., 252 Miss. 797, 174 So. 2d 377 (1965); Harvey v. Bush, 252 Miss. 326, 173 So. 2d 125 (1965); Graves v. Hamilton, 184 Miss. 239, 184 So. 56 (1938). When this case is retried, the word "strict" should be left out of this instruction.

## IV

The appellee obtained an instruction [5] based upon Mississippi Code Annotated section 8215 (a) (1957), in which the jury was told.

"and in every event a clear and unobstructed width of at least twenty (20) feet of such part of the highway on the left side or opposite said bus shall be left for the free passage of other vehicles, and a clear view of such stopped bus be available from a distance of two hundred (200) feet in each direction upon such highway. . . ."

This instruction is in the words of the statute, but under the rule established in Teche Lines, Inc. v. Danforth, 195 Miss. 226, 12 So. 2d 784 (1943), we

are of the opinion that it is peremptory in nature and should not have been given the jury under the facts here involved. The opinion in *Teche Lines, Inc., supra,* said:

"It did not permit the jury to say whether the bus was stopped as far to the right on the highway as was possible, and at the same time safe, considering the high degree of care which the bus driver owed to the passengers, including the one then about to alight." 195 Miss. 249, 12 So. 2d 786.

There are many cases reported from other states showing the great weight of authority to require a "practical" application of similar statutes reported in Annos. 131 A. L. R. 562 (1941).

It may be pointed out, however, that this Court has upheld the foregoing Mississippi Code Annotated section 8215 (a) (1956), and has applied it where the testimony was sufficient to show it was "practical to stop" at a safe place on the highway, and a failure to do so was negligence. Gulf Ref. Co. v. Brown, 196 Miss. 131, 16 So. 2d 765 (1944). Cf. Hankins v. Harvey, 248 Miss. 639, 160 So. 2d 63 (1964).

From a review of the foregoing authorities, we are of the opinion that this case must be reversed and remanded for a new trial on direct appeal. We do not reach the issue as to whether or not the amount of the verdict on cross-appeal is inadequate because both cases must be retried.

Reversed and remanded for new trial, not inconsistent with this opinion.

*Gillespie, P. J., and Jones, Brady and Inzer, JJ.,* concur.

[1] The court instructs the jury, for the Plaintiff, Clinton E. Lum, that although you may believe from the evidence in this case that Clinton E. Lum applied the brakes of his 1962 Chevrolet pickup truck which he was driving and skidded or turned said pickup truck to the left immediately before the collision between the Lum and Chisolm vehicles, this fact alone does not necessarily

mean that Clinton E. Lum was guilty of negligence which contributed to the collision, for if you believe from the evidence that the said Clinton E. Lum, while driving said pickup on the right side or the East lane of Highway 61 in a reasonably careful manner, was suddenly confronted with an emergency not of his making and responded and acted as a reasonable and prudent person thought was necessary in applying his brakes and skidding or turning his pickup truck to the left in an effort to avoid colliding with the rear of the Defendant's bus, then the applying of the brakes, and skidding or turning by the pickup to the left was not negligence, even though it might appear now that it might have been better to have turned his pickup truck to the right and run off the right side of the highway.

2 The Court instructs the jury for the Plaintiffs, Clinton E. Lum and Kathleen Lum, that if, from a preponderance of the evidence, in this case, you believe that on the occasion in question George Keys, driver of the bus of Continental Southern Lines, Inc., Defendant, was guilty of gross negligence in the stopping of the Continental Southern Lines, Inc. bus on said highway, and that said gross negligence, if any proximately contributed to the injuries to the Plaintiffs, Clinton E. Lum and Kathleen Lum; that is, if the Defendant was guilty of such negligence, which, under the circumstances, evidenced a reckless disregard for the safety of the traveling public using said highway, including the Plaintiffs, or which disclosed indifference to the consequences of such negligence, then, in addition to actual damages, Plaintiffs may have sustained, if any, as the proximate result thereof, you may in your discretion award exemplary or punitive damages, the amount of which is solely with your discretion.

3 The Court instructs the jury for the Defendant, Continental Southern Lines, Inc. that you may not award any punitive damages in this case but only actual damages based on medical expenses, loss of earnings and reasonable compensation for personal injuries actually sustained by the Plaintiffs.

4 The Court instructs the jury for both Plaintiffs, Clinton E. Lum and Kathleen Lum, that the Defendant's bus driver was under a *strict* duty not to stop or suddenly decrease the speed of the Defendant's bus without first giving an appropriate signal, either by hand and arm or signal device, to any vehicle immediately to the rear when there is an opportunity to give such signal, and if you believe from a preponderance of the evidence in this case that the Defendant's bus driver failed to give appropriate signal indicating to the Plaintiff, Clinton E. Lum, that said Defendant's bus was going to stop, and if you believe that such failure, if any, proximately caused or contributed to the injuries,

if any, of the Plaintiffs, then this Court tells you that your verdict must be for both Plaintiffs.

[5] The Court instructs the jury for both Plaintiffs, Clinton E. Lum and Kathleen Lum, that the driver of the Defendant's bus is not only required to obey and comply with the statutory regulations in stopping to discharge a passenger on the highway, which regulations are that the bus driver shall not stop upon the paved, or improved or main traveled part of the highway when it is practical to stop off such part of the highway, including sound and safe shoulders, and in every event a clear and unobstructed width of at least twenty (20) feet of such part of the highway on the left side or opposite said bus shall be left for the free passage of other vehicles, and a clear view of such stopped bus be available from a distance of two hundred (200) feet in each direction upon such highway, but in addition to obedience to this statutory regulation the driver of the Defendant's bus was under the duty to exercise due care not to endanger the safety of other persons using the highway; and if you believe from a preponderance of the evidence in this case that the driver of the Defendant's bus failed to obey the statutory regulations applicable to stopping and discharging a passenger on the highway, or failed to exercise due care which endangered the safety of Plaintiffs, as users of the highway, and such failure, if any, proximately caused or contributed to the damages or injuries, if any, suffered by the Plaintiffs, then the Court tells you that your verdict must be for the Plaintiffs.