ROBERTSON, Justice:
Mrs. Evelyn C. May, Appellant, brought suit against Aaron M. Pace, Jr., C. E. O’Neal and Shirley Ann Bufkin in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for damages for personal injuries and property damage *221 growing out of an automobile collision. Before trial a voluntary non-suit was granted as to C. E. O’Neal and Shirley Ann Bufkin and the case proceeded to trial against Aaron M. Pace, Jr. only. There was a verdict and judgment for Defendant' Pace, and Plaintiff May perfected her appeal to this Court.
About 7:40 A.M. on February 23, 1965, Appellant May and Appellee Pace were driving to work in their respective automobiles on Interstate Highway 55 just south, of Jackson, Mississippi. A six-car collision occurred when the automobile of C. E. O’Neal travelling easterly suddenly slowed down and stopped on the downward slope of the highway after passing over the bridge of the highway spanning the Gal-latin Street underpass. Mrs. May in her Pontiac Bonneville was in fourth position back of O’Neal and ran into the rear of the Bufkin car which was in third position back of O’Neal. Pace in his Chevrolet Corvair, in the fifth car back of O’Neal, ran into the rear of Mrs. May’s car.
Mrs. May testified that as she entered Interstate Highway 55 bridge over Gal-latin Street she saw Miss Bufkin’s car hit the car in front of it, that she applied her brakes and came to a stop without hitting the Bufkin car. She stated that Pace ran into the back of her car forcing it into the Bufkin car.
Appellee Pace testified that it was the usual heavy morning traffic, that the weather was clear and dry, that he was travelling about 40 to 45 miles per hour, which was about the speed of the other cars in the inside lane. He was about 75 feet back of Mrs. May’s car when suddenly her red brake lights went on as she was crossing the highway bridge over Gallatin Street. He immediately applied his brakes, but was not able to stop his car before it ran under the rear end of the May car. The engine of a Chevrolet Corvair is in the rear and the trunk compartment in the front. The impact peeled back the hood of the trunk compartment but did not damage his front bumper. The damages to the rear of the May car were about $373.00 and the damages to the front of the May car about $806.00. Mrs. May suffered some personal injuries and her x-ray and doctors’ bills amounted to about $330.00.
The principal error assigned by the appellant was the granting of a sudden emergency instruction to the appellee, the appellant contending that appellee was not entitled to such an instruction because his negligence contributed to the emergency and that even if he were entitled to such an instruction, the instruction granted was fatally defective in that it did not include the three essential elements listed in the case of Gulf, Mobile & Ohio R. Co. v. Withers, 247 Miss. 123, 154 So.2d 157 (1963).
We deem it unnecessary to discuss the other three assignments of error because we have reached the conclusion that an instruction on sudden emergency should not have been granted, and that the judgment, therefore, must be reversed and the cause remanded for a new trial.
The sudden emergency rule is not available to the actor if the emergency was created in whole or in part by his prior negligence. A condition precedent to the application of the rule is that one who seeks its benefit must have used due care to avoid meeting such an emergency. Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50 So.2d 902 (1951).
The following are examples of acts or omissions which have precluded resort to the rule: driving at an excessive rate of speed, Ladner v. Merchants Bank & Trust Co., 251 Miss. 804, 171 So.2d 503 (1965); driving with defective brakes, Fink v. East Mississippi Electric Power Ass’n, 234 Miss. 221, 105 So.2d 548 (1958), Allen v. Schultz, 107 Wash. 393, 181 P. 916, 6 A.L.R. 676 (1919) ; following another vehicle too closely, Washington v. Terrell et al., 185 So.2d 925 (Miss.1966), Gregory v. Thompson, 245 Miss. 431, 160 So.2d 195 (1964), Continental *222 Southern Lines v. Klaas, Inc., 217 Miss. 795, 63 So.2d 211, 65 So.2d 575, 833, 67 So.2d 256 (1953); switching lanes on a four lane highway without first ascertaining if movement into the other lane could he made with safety, Cipriani v. Miller, 248 Miss. 672, 160 So.2d 87 (1964); approaching a small hoy on a bicycle without diminishing speed or giving warning, Moak v. Black, 230 Miss. 337, 92 So.2d 845 (1957); and a driver’s loss of control when he attempted to wipe mist off the windshield with one hand and drive with the other, Bloxom v. McCoy, 178 Va. 343, 17 S.E.2d 401 (1941).
Appellee Pace’s automobile was following too closely the automobile of Appellant May, considering the heavy traffic and the speed at which he was travelling. While Pace probably should not be held to the Army rule of a space interval of twice the speedometer reading in yards, still an interval of 75 feet when driving at 40 to 45 miles per hour is not a safe interval especially under heavy traffic conditions
This Court has said that the automobile driver cannot ignore conditions which he knows to exist and then be relieved of the responsibility with which he is charged under the law by claiming that the known condition was an emergency. See Ladner v. Merchants Bank & Trust Co., supra.
An excellent treatise on the sudden emergency doctrine is found in 36 Mississippi Law Journal 392 (1965).
In Continental Southern Lines, Inc. v. Lum, 254 Miss. 655, 665, 182 So.2d 228, 231 (1966), we said:
“We have held that the ‘emergency instruction’ should not be granted where the court can hold, as a matter of law, that the person requesting the instruction should have reasonably anticipated, or foreseen the emergency from the surrounding circumstances. Peel v. Gulf Transport Co., [252 Miss. 797] 174 So.2d 377 (Miss.1965); Pullin v. Nabors, 240 Miss. 864, 128 So.2d 117 (1961); Jones v. Dixie Greyhound Lines, Inc., 211 Miss. 34, 50 So.2d 902 (1951).”
And again in Jones v. Dixie Greyhound Lines, Inc., supra, a warning flag was run up when this language was used:
“ ‘A further qualification which must be made is that some “emergencies” must be anticipated, and the actor must be prepared to meet them when he engages in an activity in which they are likely to arise. Thus under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles in the street, or of other vehicles at intersections, and his failure to act properly when they appear may be found to amount to negligence.’ Prosser on Torts, p. 243; A.L.I. Restatement of Torts, Sec. 296, p. 797.” 211 Miss. at 43, 50 So.2d at 905.
We held in the case of Washington v. Terrell et al., 185 So.2d 925 (Miss.1966), that the trial judge very properly refused to grant the two instructions requested by the cross-appellants on the theory of sudden emergency where the taxicab driver had run into the back of the car in front of him in heavy traffic.
Even if a sudden emergency instruction were proper in this case, the instruction granted does not contain the three essential elements listed in Gulf, Mobile & Ohio R. Co. v. Withers, supra.
The judgment of the trial court is reversed and this cause remanded for a new trial.
Reversed and remanded.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, JJ., concur.