ROBERTSON, Justice.
About 8 :00 a. m. on March 5, 1964, the plaintiff, Malinda Washington, was riding in the right front seat of a taxicab driven by defendant, Willie Flowers, and owned by Veterans Cab Company, a partnership composed of defendants, Haywood Terrell, Fred *926 Davis and A. D. Minor. She was a passenger for hire having engaged this cab to take her to the beauty parlor. The cab was traveling in a northerly direction on Cherry Street in Vicksburg, Mississippi, and shortly after passing through the intersection of Cherry and Chambers Streets, the cab ran into the rear of a Mercedes-Benz automobile causing the Mercedes-Benz to run into the rear of the car ahead of it and causing $980.00 damage to the Mercedes-Benz.
The plaintiff-appellant testified that her head hit the windshield of the cab and then she bounced backward, hitting the rear of the front seat and causing her head to pop back over the top of the seat. An ambulance was called and she was taken to the emergency room of the Vicksburg Infirmary. She remained in the hospital for 17 days being discharged therefrom on-March 21, 1964. She was readmitted to the hospital on March 31, 1964, and remained there until April 7, 1964. She was thus confined in the hospital for a total of 25 days as a result of injuries received in the collision of March 5, 1964.
She was treated at all times by Doctor Thomas Magee of Vicksburg, Mississippi, a reputable licensed doctor and general practitioner.
The actual out-of-pocket expenses incurred by the plaintiff-appellant for hospital, doctor and ambulance services were $644.25.
The doctor testified that there was considerable pain and suffering, some nerve damage, a moderate to moderately severe concussion, post concussion headaches, and in the opinion of the doctor, there would be a 40% to 60% permanent limitation in the use of her neck. The appellant was a 42 year old housewife, who before her injuries was performing all of the household duties and responsibilities for her husband and five children.
After a full two day trial, the jury brought in a verdict in favor of the plaintiff for $1,300. A motion for a new trial on the amount of damages only was filed by the appellant, which motion was overruled by the lower court. The appellant, seeking a reversal of the judgment of the lower court and a retrial on the issue of damages alone, perfected an appeal to this Court.
The original defendants-appellees filed a cross-appeal, contending that the trial court erred in refusing to grant them two instructions on the “sudden emergency” theory of the collision, and that the verdict of the jury and the judgment of the trial court as to the liability of the cross-appellants was against the overwhelming weight of the evidence and is contrary to law.
The testimony is uncontradicted that the traffic on Cherry Street on the morning of March 5, 1964, was heavy and almost bumper-to-bumper, that immediately prior to the impact that the cab driver had the “mike” of his two-way radio in one hand and was talking with the office of the taxicab company.
There is testimony that the driver momentarily looked away from the line of traffic. The driver of the car in front of the taxi stopped suddenly because the traffic in front of him also stopped suddenly, but this could have been anticipated and guarded against by the driver, Defendant Flowers, if he had been giving his full attention to the traffic because he was an experienced driver and knew that the traffic was heavy at this time.
In the recent case of Continental Southern Lines, Inc. v. Lum, 182 So.2d 228, 230, 231 (Miss.1966), this Court said:
“We have constantly followed the rule that ‘if a motorist, by his own negligence, has placed himself in a position of peril, and being called upon in sudden emergency to act mistakes the best course through an error of judgment, he is not thereby relieved’ of liability. Ladner v. Merchants Bank & Trust Co., 251 Miss. 804, 171 So.2d 503, 509 (1965).”
*927 “This Court has repeatedly pointed out that an instruction on the doctrine of sudden emergency in negligence cases should not he given to the jury when it appears to the trial judges—as a matter of law— that the person requesting the instruction, proximately caused, or contributed to the cause of the emergency by his own negligence.”
“We have held that the ‘emergency instruction’ should not be granted where the court can hold as a matter of law, that the person requesting the instruction should have reasonably anticipated, or foreseen the emergency from the surrounding circumstances.”
“One cannot wholly ignore conditions which he knows to exist and be relieved of the responsibility with which he is charged under the law by asserting that the known conditions resulted in a sudden emergency.”
The trial judge very properly refused the two instructions requested by the cross-appellants on the theory of sudden emergency.
We reiterate that the plaintiff-appellant was a passenger for hire in the taxicab of the defendants. There was no testimony whatsoever that she was guilty of any contributory negligence. The liability of the defendants is quite clear, and was proved overwhelmingly by the evidence.
The testimony of the plaintiff’s doctor is that she was not malingering and that after the initial examination of the plaintiff, that he did not have to depend on her statements-as to the extent of her injuries, but that he could and did depend on his own examinations, observations and evaluations of the extent and permanent nature of her injuries.
We feel that the verdict of the jury is so inadequate as to shock the enlightened conscience of the Court, and shows bias, passion and prejudice on the part of the jury against the plaintiff. We, therefore, affirm the judgment of the lower court on¡ the cross-appeal and on the question of liability; but reverse the judgment of the lower court on the quantum of damages and remand this case for a new trial on the question of the amount of damages alone.
Affirmed on cross-appeal and as to liability; reversed on the quantum of damages and remanded for a new trial on the amount of damages alone.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.