**MAPP v. SAENGER THEATRES, Inc., et al.**

**No. 5813.**

Circuit Court of Appeals, Fifth Circuit.

April 21, 1930.

Charles B. Cameron, of Meridian, Miss. (Wm. Haralson, of Hattiesburg, Miss., and Gabe Jacobson, of Meridian, Miss., on the brief), for appellant.

Alfred C. Kemmer, of New Orleans, La., and Carl Marshall, of Gulfport, Miss. (Charles Rosen, of New Orleans, La., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment for the defendants upon a directed verdict, in the District Court for the Southern District of Mississippi. The action was one for damages under the Mississippi statute for the alleged negligent killing of the intestate, while he was on the premises of the defendant, the Plaza Amusement Company. All the defendants, except the Plaza Amusement Company and the manager, Harry W. Rice, were eliminated before the verdict was directed. The only defendants who are appellees are the Plaza Amusement Company and its manager, Harry W. Rice.

The intestate came to his death by falling through an open trapdoor on the stage of the theater into a basement, a distance of ten feet. The negligence complained of was the leaving open of the trapdoor. The status of the deceased and of the defendants and the relation of the two remaining defendants to the premises, and to the intestate, are important in determining the duty owing the deceased. There is evidence tending to show that the intestate, who was president of the local union of stage scene shifters, was accustomed to come to the theater to see the defendant Rice, its manager, and to search for him, on the stage and elsewhere, if he was not in the theater office; and that on the day of the fatal accident, he was visiting the theater, after an absence from Meridian, in order to confer with one Davis, who had taken his place during his absence, and whom he desired to consult, partly upon a matter connected with their union and partly about the putting on of a review in which the defendant was interested. So there was evidence tending to show that the intestate was rightfully on the stage at the time of the accident. The duty of the occupant of premises to an invitee is to use reasonable care to make them reasonably safe for passage. The existence of this duty in the instant case depends upon a showing of occupancy in the defendant, the Plaza Amusement Company, of the stage at the time of the accident. The Hamasa Building Association was the owner of the theater. It had leased the theater to the Saenger Theatres, Inc., and the lease had been assigned to the Plaza Amusement Company. The original lessor had reserved for its own purposes ten days' use each year of the building to be selected upon sixty days' written notice, otherwise the lessee defendant had complete possession and control of the theater. The Hamasa Building Association was a holding corporation, organized to hold the title to the building for Hamasa Temple of the Order of Masonic Shrine. Shortly before the happening of the accident, Hamasa Temple had purchased from a New York Scenic Company new scenery for in-

stallation on the stage of the theater, which it was to install. On Sunday, the day before the accident, the Grand Potentate of Hamasa Temple, who was president of the Hamasa Building Association, asked the defendant Rice as manager of the corporate defendant to permit the use by the Hamasa Temple of the stage of the building for the purpose of installing the new scenery, and the permission was given. The installation was not completed Sunday, and Rice consented to the continued use of the stage by Hamasa Temple for that purpose on Monday, the stage to be relinquished at 1 o'clock of Monday for the defendant's matinee performance. Hamasa Temple also requested and obtained from Rice permission to remove the chairs of a dining room not leased to defendant to the basement for a dance that Hamasa Temple was to have. The removal of the chairs to the basement would normally have been through the trapdoor that caused the accident, and Rice saw the passing of the chairs through the open trapdoor. Neither the installation of the scenery nor the removal of the chairs were in any way concerned with defendant, and the persons so engaged were not employed by the defendant. At 11:30 on Monday morning, Hamasa Temple told Rice that they desired to hold a secret ritual on the stage and asked Rice to put all other persons out of the building and lock the doors. Rice consented and left the building after locking the front doors. At the time Rice left, Whitaker, in charge of the moving of the chairs for Hamasa Temple, was still so engaged. After Rice had left, no employees of the corporate defendant were left on the premises, but only those of Hamasa Temple or the New York Scenic Company. Such of these as were not members of the Shrine went to luncheon and were told to return at 12:30. The work of moving the chairs was not finished, and Whitaker left the trapdoor open and placed chairs around it as a guard. Rice did not know of this action. The workmen returned at 12:30, including Whitaker, but none were defendants'. Before they had resumed work, the intestate entered the stage door about 12:40, walked to one of the chairs near the open trapdoor, leaned with his hands upon the back of it, moved the chair to one side, and stepped into the trapdoor and fell through it. Intestate knew of the presence and purpose and use of the trapdoor from previous work done by him on the stage.

■ Under these facts this question is presented: "Was the defendant, the Plaza Amusement Company, in possession and occupancy of the stage, so as to be responsible to intestate for the open trap door, through which he fell?" The Plaza Amusement Company was in general occupancy of the building including the stage. The undisputed evidence showed that it had temporarily relinquished possession of the stage to Hamasa Temple, in effect, its lessor. It is not important that the sixty-day notice, which the lease provided for, was not given. The important fact is whether the stage was actually in exclusive possession of the lessor with the consent of the lessee. The operation of moving the chairs was exclusively being done by Hamasa Temple, and the opening and closing of the trapdoor was its exclusive function during the continuance of its possession and operation. Rice left while the work was in progress and incomplete. No hazard arose from the mere opening and leaving open the trapdoor during the work. It was made capable of being opened for that purpose. The duty was to guard by warning voice against its exposed condition while the work required it to be kept open. No fault can be attributed to Rice for leaving the Hamasa Temple employees in possession and in control of the moving of the chairs, especially as the Hamasa Temple was in effect the lessor, and entitled to it by the terms of the lease. Conceding that upon completion of the work and the retaking possession of the stage, it became Rice's duty to see that the premises were safe and the trapdoor closed, that time had not arrived, at the time of the accident. The stage was still in possession of Hamasa Temple, the only persons present were non-employees of defendant, and the work of Hamasa Temple, in which defendant had no interest, was still progressing on its own premises. The accident was not due to a defect in the building, the trapdoor was not a defect, when closed, and, properly guarded, no more so when open. The method of doing the work was the negligent thing, and this was the act and responsibility of Hamasa Temple alone. Control of the stage was in Hamasa Temple until 1 o'clock, and the intestate fell through the trapdoor at 12:40 and before the defendant or Rice had taken back possession. Rice knew the trapdoor was open to admit the chairs. There was no negligence in that. He did not know that it was left open surrounded by chairs when Whitaker and the workmen left for lunch, and this was their negligence, if any. Rice had the right to assume that Hamasa Temple and its employees would not be guilty of negligence in the manner of conducting the work and was not bound to remain on the premises it was entitled to occupy by its employees to

see that they were guilty of none. The representative of Hamasa Temple had asked Rice to exclude all but Shriners from the building, and he left with this understanding. He did not know that intestate was coming to the theater. He would not be held to anticipate the visit of any but members of the Shrine, who came there upon Shrine business, and who could be endangered only by the method the employees of Hamasa Temple did the work of removing the chairs. Rice locked the front door of the building, but at the request of Hamasa Temple's representative to exclude non-Shriners.

Our conclusion is that the defendant the Plaza Amusement Company was not in occupancy of the stage at the time of the accident, so as to make it responsible to intestate for the open trapdoor, and that the District Court rightly directed a verdict for both the remaining defendants upon this ground.

Affirmed.