BROOM, Justice.
This is an action for the wrongful death of Mack Reeves, appellants’ husband and father, which was tried in the Circuit Court of Lincoln County, Mississippi. The jury returned a verdict for all of the defendants and the plaintiffs appeal. We affirm.
The relevant facts are as follows. Mack Reeves, the deceased, on August 17, 1967, was traveling north on Highway 51 at ap *462 proximately 7:30 a. m. Highway 51 was open for traffic but, at the time, there was in process construction of curb and gutter facilities adjacent to the edge of said highway. Evidence showed that as Reeves traveled north on said highway he would have passed the following, to-wit: A black and white barricade bearing the project signs, warning signs' — construction ahead at 1500, 1000 and 500 feet intervals, and flashing lights and blinkers indicating “reduce speed ahead” sufficient in nature and detail to put him on notice that some form of construction work was being done in the area through which the highway passes. To the west of Highway 51 and parallel thereto on the opposite side of the median between said highway and two new but unopened lanes, there were under construction said two additional lanes intended for southbound traffic which were not yet in use by the traveling public. When completed, said two additional lanes would make said route a four lane highway. At the place of the accident in question, Goldman Road intersects with and crosses Highway 51 from west to east. One of the defendants and appellees, Ricky Powell Smith, at the time of the accident was driving a pickup truck in an easterly direction on Goldman Road. He was attempting to cross Highway 51 so as to continue easterly on Goldman Road. Smith likewise on Goldman Road passed signs and devices sufficient to put him on notice that construction was in progress in the area. The Smith truck and the car driven by the deceased, Reeves, collided about six to eight feet from and east of the paved or main traveled portion of Highway 51. Smith never saw Reeves’ vehicle for more than an instant prior to the collision. Testimony indicated that toward the south from the scene of the collision the elevation of Highway 51 diminishes. From the record it is difficult to state positively just when or at precisely what point Smith or Reeves either could or should have observed the vehicle of the other.
Other facts are in dispute, but since a jury verdict was rendered in favor of all of the defendants, the facts must be stated and interpreted in the light most favorable to appellees. Prior to the impact of the two vehicles, the one operated by Reeves left skid marks which measured ninety feet in distance. Physical damage to the vehicles indicates that the left front side of Reeves’ car and the right side of the Smith truck came in contact with each other. No damage was done to the front end of either. Reeves’ car traveled one hundred and sixty-five feet after impact and stopped against a utility pole approximately forty feet east of the highway. After the accident Reeves lived only a short time. Before entering Highway 51 from Goldman Road, Smith stopped his vehicle and looked to his right and left before he began crossing Highway 51. The stop sign at the entrance from Goldman Road into Highway 51 was unexplainably missing and had been missing since December 2, 1965. Regardless of the absence of a stop sign, Smith testified that he knew to stop and had always stopped at the intersection. Therefore, any question about the presence or absence of a stop sign where Goldman Road enters Highway 51 is not controlling since Smith testified that he knew he was obligated to stop at the intersection and that, in fact, he did stop before entering the same. Besides Smith, no other eye witness testified and there was no other such witness except Reeves, who was killed. Other defendants were contractors and agents of contractors involved in the construction work. They were charged with negligent failure to keep and maintain said stop sign where Goldman Road intersected with Highway 51. From the testimony revealed by the record, which the jury had a right to believe and according to their verdict did believe, the jury was justified in finding that the alleged failure of the contractors to maintain a stop sign at said intersection had nothing to do with the accident.
*463 There is no testimony in the record that either vehicle involved in the collision had any connection with the construction work in progress. Neither is there any testimony in the record indicating that any obstruction, barrier, or defect existed on the traveled portion of Highway 51 where the collision occurred.
Appellants assign as error a large number of actions by the trial court, including the failure of the court to grant a peremptory instruction in their favor as against appellee Smith. We find no reversible error in the record. Appellants’ assignment of error relating to one jury instruction on “vigilant caution” granted for appellee Ricky Powell Smith merits discussion. The instruction, No. 10, is as follows, to-wit:
The Court instructs the jury for the defendant Ricky Powell Smith that it is the duty of a person who travels on a road, which is under construction, to exercise vigilant caution and to keep a constant lookout thereon; and should you find from the evidence in this case that Highway 51 at the place in question was under construction and that there were sufficient facts and circumstances to place Mack Reeves on notice that the said road was under construction, then in such event the said Mack Reeves was under duty to exercise vigilant caution to keep a constant lookout, and should you find from the evidence in this case that the said Mack Reeves failed to exercise such care and caution when he undertook to travel on the road in question, then he was negligent and should you find that such negligence, if any, was the sole proximate cause of the accident herein complained of then your sworn verdict must be for the defendant Ricky Powell Smith. (Emphasis added.)
It is urged that said instruction, which required of the deceased, Reeves, that he exercise- “vigilant caution” and keep a constant lookout, is reversible error upon the facts here.
It is abundantly clear from the record presented that the area in which the fatal and tragic accident occurred was an area which was permeated and saturated with evidences that construction was going on. To the extent that a sign situated by the highway and facing south advised motorists traveling the area of Highway 51, over which Reeves traveled, to reduce speed, traffic was not unrestricted. Construction was going on to the very edge of Highway 51 on the median between it and the two additional parallel lanes which had not yet been completed. Jury instructions on the “vigilant caution” duty of a motorist were approved in Blain v. Sullivan, 204 So.2d 436 (Miss.1967); Harvey v. Bush, 252 Miss. 326, 173 So.2d 125 (1965), and Graves v. Hamilton, 184 Miss. 239, 184 So. 56 (1938). The chief difference between those cases and the present case is that in each of those cases there was situated upon the traveled portion of the highway in question some equipment, obstruction, barrier, or barricade incidental to or in connection wtih construction in progress. It is argued that the vigilant caution instruction here should not have been granted because of the absence of any equipment, barrier, barricade, sand pile or defect in the highway in connection with or incidental to the construction in progress. Can it be said with logic that one is under the duty to exercise vigilant caution to see objects or defects in a highway which objects or defects are there in connection with or incidental to construction in progress, and that at the same time he is not under a like duty toward another motor vehicle being driven by another motorist not directly involved in the construction? To hold affirmatively on this question would be to place a double standard of care upon motorists within an area where construction is being done. It would lead to unnecessary confusion.
*464 Under the circumstances existing in the case before us as revealed by the record, we cannot say that the instruction putting Reeves under the duty of “vigilant caution” was reversible error. Before arriving at the scene of the collision, the record shows that he passed flashing lights, blinkers and other signs and warnings sufficient to advise him without any question that he was about to drive through an area where construction was going on and where the usual maximum speed limit had been reduced. The same is true of appellee Smith. The duty of a motorist under such circumstances to exercise “vigilant caution” with reference only to defects, objects, barriers, and the like in connection with or incidental to construction in progress would not be realistic and would be impossible of uniform application.
The appellants (heirs of the deceased, Reeves) were given instructions telling the jury that they could return a verdict for the deceased if they found from the preponderance of the evidence that any of the defendants were guilty of negligence which proximately caused the fatal collision. Their theory of the case was in nowise unfairly or improperly restricted by any action of the trial court. The learned trial judge who presided over the presentation of complex questions of law and fact accorded to all parties their day in court with complete fairness in ruling upon admissibility of evidence and in passing upon jury instructions. We hold that all of the instructions, when taken and considered together for all the parties, fairly presented all of the issues to the jury. While we have the deepest of sympathy regarding the tragic result of the collision, we cannot say upon the record that there was any miscarriage of justice.
Affirmed.
RODGERS, P. J., and SMITH, SUGG and WALKER, JJ., concur.