Michael STEVENS et al.,
Plaintiffs-Appellants,

v.

DIAMONDHEAD CORPORATION,
Defendant-Appellee.

Edison AUTMAN, Plaintiff-Appellant,

v.

DIAMONDHEAD CORPORATION,
Defendant-Appellee.

No. 74–4009.

United States Court of Appeals,
Fifth Circuit.

March 29, 1976.

Joe H. Montgomery, Poplarville, Miss., for Michael Stevens, and others.

Ray M. Stewart, Picayune, Miss., for Edison Autman.

George E. Morse, Gulfport, Miss., for Diamondhead Corp.

Before BROWN, Chief Judge, and THORNBERRY, Circuit Judges, and MILLER,* Associate Judge.

PER CURIAM:

Plaintiffs appeal from an adverse verdict directed by the District Court on defendant's motion at conclusion of plaintiffs' case. The sole question is whether the court erred in granting the motion for a directed verdict. We affirm.

Defendant-appellee admits that it owed a duty to plaintiffs-appellants. However, in view of plaintiffs' knowl-

* Of the United States Court of Customs and Patent Appeals, sitting by designation.

edge or imputed knowledge that the highway and bridge on which the accident occurred were under construction and the fact that defendant-appellee was not in possession or control thereof, we are satisfied that, as a matter of law, the duty owed plaintiffs-appellants was no greater, and if anything less, than that owed by the construction contractor in possession and control of the highway and bridge. *Reeves v. W. E. Blain & Sons, Contractors,* 276 So.2d 461 (Miss. 1973). *See Mapp v. Saenger Theatres, Inc.,* 40 F.2d 19 (5th Cir. 1930) (Miss.). The contractor's duty was to maintain the road and bridge under construction in a condition that would, taking into account the stage of construction, be reasonably safe for use by those under a reciprocal duty to " '. . . exercise *vigilant caution* and to keep a constant lookout . . .' " *Reeves v. W. E. Blain & Sons, Contractors, supra; Myers v. Sanders,* 189 Miss. 198, 194 So. 300 (1940); *Graves v. Johnson,* 179 Miss. 465, 176 So. 256 (1937).

■ Under the circumstances of this case (including the fact that the accident occurred in clear daylight and the further fact that signs were posted stating "DO NOT PASS" and "TWO WAY TRAFFIC" for a portion of the bridge where the accident occurred that would, upon completion of construction, be one-way and two lanes), and interpreting the evidence in a light most favorable to plaintiffs-appellants, we hold that reasonable members of a jury could not have found that there was a breach of duty owed by defendant-appellee to plaintiffs-appellants that was a proximate or contributing cause of the accident. *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969).

Affirmed.