DR. PEPPER BOTTLING COMPANY OF MISSISSIPPI *v.* BRUNER

No. 42491      December 10, 1962      148 So. 2d 199

*Forrest B. Jackson,* Jackson, for appellant.

*Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellees.

RODGERS, J.

This is a suit for personal injury brought by Mrs. Geraldine D. Bruner against the Dr. Pepper Bottling Company of Mississippi and John L. Stewart for injuries received as a result of the alleged negligence of John L. Stewart, agent and servant of the Dr. Pepper Bottling Company, wherein it is alleged that the servant, in the course of his employment, pushed a handcart loaded with bottled drinks into and against the plaintiff in a doorway in a private building in the City of Jackson, Mississippi.

It appears from the testimony in this case that Mrs. Geraldine D. Bruner, an employee of the Mississippi Power & Light Company, started to lunch on September 8, 1960; that as she was about to leave the building where she was employed, she passed through double

doors into a vestibule located between the doors and the sidewalk, and as she reached the edge of the vestibule, and before going out onto the sidewalk, John L. Stewart turned the corner pushing a handcart loaded with four cases of bottled drinks and suddenly turned into the vestibule on the left side and pushed the lower part of the cart against the front of plaintiff's legs, knocking her over on the cart. The testimony shows that the defendant Stewart was in a hurry, walking rapidly, and "going real fast." It appears also that work was being done on the building, and that the opening to the building had been narrowed by the contractors, and neither the plaintiff nor the servant of the defendant could see around the corner. It further appeared that defendant had been delivering drinks to the Turner Drug Store at this point for several months and knew that many people came out of the door he was about to enter. The testimony shows that Mrs. Bruner fell over on the truck and she begain to cry and rub her legs, and stood against the side of the building for support. Later, it appeared that she went to lunch and returned to work in the afternoon, but her legs continued to hurt for several weeks, and finally she called on several doctors, and although the doctors failed to find any apparent fracture to the bone, the pain continued to annoy plaintiff. After many examinations, one of the doctors testified that his impression was that she was suffering from a traumatic peritheral neuritis and that her injury was permanent. She was given certain treatment to relieve the pain, such as bufferin and codine tablets.

The case was submitted to the jury and it returned a verdict for $4,500.

The appellant argues on appeal three assignments of error. They are: (1) The defendant should have been granted the peremptory instruction requested and refused; (2) motion for a new trial should have been sustained; and (3) the verdict is excessive in amount.

We have examined the testimony presented to the trial court at the time defendant requested a peremptory instruction, and it is apparent from the testimony in this case that the court was correct in submitting to the jury the question as to whether or not the defendant negligently caused injury to the plaintiff.

■■ ■ As a general rule, it is the natural inherent duty owed by one person to his fellowmen, in his intercourse with them, to protect life and limb against peril, when it is in his power to reasonably do so. The law imposes upon every person who undertakes the performance of an act — which, it is apparent, if not done carefully, will be dangerous to other persons, or the property of other persons — the duty to exercise his senses and intelligence to avoid injury, and he may be held accountable at law for an injury to person or property which is directly attributable to a breach of such duty. One textwriter points out that ''The duty so arising is absolute. The law requires nothing more; it will excuse nothing less than performance, although the degree of care to be exercised is relative to the circumstances of the case. * * * Stated broadly, one who undertakes to do an act or discharge a duty by which conduct of others may be properly regulated and governed is under a duty to shape his conduct in such manner that those rightfully led to act on the faith of his performance shall not suffer loss or injury through his negligence.'' 38 Am. Jur., Negligence, Sec. 14, p. 655.

Common-law negligence was discussed in the case of Vaughan v. Lewis, 236 Miss. 792, 112 So. 2d 247, wherein a motor vehicle accident occurred on private property and this Court pointed out that the statutes with reference to roadways and intersections had no application to movement of vehicles on private property and said: ''However, in regard to the respective duties of motorists at intersections, the statutes are based on the result of human experience. In most instances, that which is

now a violation of statute, and therefore negligence by legislative fiat, was, prior to the enactment, also negligence under common-law principles.''

■■ In the case of Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So. 2d 226 (1962), this Court cited the case of Vaughan v. Lewis, supra, and said with reference to common-law negligence that ''It is nevertheless true that common law applies in the absence of statutory authority and requires the operator of a motor vehicle to exercise ordinary, reasonable or due care towards others.'' We have therefore recognized and applied the common-law rules of negligence.

■■ We are convinced from the record in this case that the salesman, employee of Dr. Pepper Bottling Company, and his helper, John L. Stewart, knew that the vestibule to the building they were about to enter was a place where many people went in and out. The evidence shows that employees of the businesses located in the building customarily rushed out of the building through the vestibule at the noon hour. It was therefore a question for the jury as to whether or not the agent of defendant-company used reasonable and due care by his actions in turning a corner rapidly into the entrance of the building, while pushing a heavy metal handcart loaded with cases of Dr. Pepper, at a time and place where he might have reasonably foreseen that the handcart would collide with a pedestrian. The case was therefore properly submitted to the jury and the motion for .a directed verdict was correctly overruled. See Sec. 1455, Miss. Code 1942, Rec.

Appellant next argues that a new trial should have been granted, because, it is said, in effect, there is no evidence to show that appellee's pain and suffering was proximately caused by the accident. Appellant complains that it is shown that appellee did not go to a doctor for more than two months, and there is nothing in the record to show that the painful injury was a result of

the bruises she received on her shins ''except what she and her husband testified about in the record.'' We do not believe that the case of Jackson v. Swinney, 244 Miss. 117, 140 So. 2d 555, cited by appellant, applies here because there is ample testimony in this record to show that appellee's pain and suffering are a direct result of the injury caused by the violent collision with appellant's metal handcart.

We said in the case of City of Jackson v. Reed, 233 Miss. 280, 102 So. 2d 342, that ''* * * when reasonable minds might differ on the matter, the question of what is the proximate cause of an injury is usually a question for the jury * * *''.

This Court pointed out in the case of Fowler Butane Gas Company v. Varner, supra, that the proximate cause of an injury need not be established by direct or positive evidence, but may be proved by circumstantial evidence. In this case, however, there is direct and positive evidence from appellee and her husband causally connecting the injury with the accident, as well as the circumstances showing that she has regularly sought medical help to relieve the pain since it became apparent to her that she was not getting over the injury to her legs.

We are of the opinion that there was sufficient testimony in the record from which the jury was warranted in finding that the accident was the proximate cause of the injury suffered by appellee, and that the motion for a new trial was properly overruled.

The last question submitted for our determination, that the verdict was excessive, has given us considerable concern because there was no laceration of the skin on the shins of appellee, nor were the bones fractured. However, in view of all of the testimony showing that appellee has been in continuous pain, and the doctor was under the impression that she was suffering from peripheral neuritis, we are led to believe

that the verdict is not excessive and that therefore this case should be affirmed.

Affirmed.

*McGehee, C. J., and Lee, Kyle and Ethridge, JJ.*, concur.