FAULKNER CONCRETE PIPE COMPANY, et al. *v.*
Fox, A MINOR, etc.

No. 42811 December 2, 1963 157 So. 2d 804

*P. D. Greaves,* Gulfport, *Merle F. Palmer,* Pascagoula, for appellants.

52

*Cumbest & Cumbest,* Pascagoula; *Holleman & Hurl-bert,* Gulfport, for appellee.

RODGERS, J.

Danny Ray Fox, a minor, filed suit in the Circuit Court of Jackson County, through his mother, as next friend, against appellants, Faulkner Concrete Pipe Company and its truck driver, L. V. Jackson, for personal injuries. Appellee's injury was caused by the collision of a motor scooter, on which he was a passenger, and a parked truck belonging to appellant, Faulkner Concrete Pipe Company.

The trial resulted in a verdict and judgment in favor of appellee for $50,000. A motion for a new trial was overruled, and from this action and judgment, appellants have appealed to this Court.

Circumstances leading up to the accident here involved are as follows: On July 19, 1962, about 1:30 P. M., appellant L. V. Jackson drove a large, four-ton Chevrolet truck east on Ingalls Avenue in the City of Pascagoula, Mississippi. He was en route to Eastlawn Public School to deliver concrete pipe to a contractor. The school was then being renovated. The driver drove past the school on Ingalls Avenue and turned around and came back to a place on the north side of Ingalls Avenue, near the school. He parked and locked the truck, and went to the school building. He was talking to the workmen there at the time the accident occurred.

In the meantime, Frankie Campbell, an eleven-year-old boy, permitted Danny Ray Fox, a nine-year-old boy, to ride on his motor scooter with him. He had owned his motor scooter one day. Frankie Campbell proceeded from 23rd Street into Ingalls Avenue, going west, "toward town". He followed a "green Rambler" as it proceeded westward. The Rambler automobile suddenly turned to the left and stopped. The avenue in front of the operator of the motor scooter was then blocked by the oncoming traffic to his extreme left, —

the Rambler being in the center of the street, and the truck of the Faulkner Concrete Pipe Company being on the right. Frankie Campbell attempted to pull to the right across the curb. He became frightened, and in turning to the right he struck the back end of the truck. Appellant Jackson and several of the laborers attempted to aid and comfort the injured children. An ambulance was summoned and the children were taken to the Singing River Hospital.

Dr. Enger, who was on duty at the hospital, examined and treated Danny Ray Fox. He testified that upon his arrival at the hospital, Danny Ray Fox was suffering from shock; was in a "semi-comatose" condition, and it was difficult to arouse him. He stated that there was a one point five centimeter laceration over Danny's left eyebrow, a slight tear of the covering of the skull, and there was a depressed fracture on the left. The following morning the doctor discovered that the patient could not see with his left eye. He was then transferred to Dr. Patton, a neurosurgeon at Mobile, Alabama. Danny Fox has become permanently blind in his left eye, and received personality damage so that he is not completely oriented.

Testimony in this case shows that the defendant Jackson parked the truck belonging to the Faulkner Concrete Pipe Company so that the wheels of the truck were within three inches of the north curb. The paved portion of the street was 27 feet, 3 inches wide, to 28 feet and five inches wide. The truck was seven feet and eleven inches wide. There was ample room for two vehicles to pass the truck on its south side. There were no warning signs along the avenue at the place where the truck was parked denying the truck driver the right to park in the area. A witness introduced by plaintiff testified with reference to a "No Parking" sign but finally admitted that he was "not positive" that there were signs at the place where the truck was

parked. Pictures taken immediately after the accident did not show "No Parking" signs at the place where the accident occurred. Testimony also showed that the truck was parked some distance west of a place where the curb was painted yellow. The City of Pascagoula had no ordinance against parking along the curb on the north side of Ingalls Avenue in front, and west, of Eastlawn School.

It is therefore apparent that the appellant-truck-driver had a right to park his truck where it was, unless it can be said, as claimed by appellee, that the traffic on Ingalls Avenue was of such nature and density as to indicate to a reasonable and prudent man — under the common-law rule of negligence — that an accident was likely to occur as a result of parking the truck at the place where it was parked.

The common-law rule of negligence has been expressed in the following language: "Among the natural inherent duties owed by every person to his fellows in his intercourse with them is that of protecting life and limb against peril, when it is in his power reasonable to do so. Accordingly, the law imposes upon every person who undertakes the performance of an act which, it is apparent, if not done carefully, will be dangerous to other persons or the property of other persons, the duty to exercise his senses and intelligence to avoid injury, and he may be held accountable at law for an injury to person or to property which is directly attributable to a breach of such duty. The duty so arising is absolute. The law requires nothing more; it will excuse nothing less than performance, although the degree of care to be exercised is relative to the circumstances of the case." 38 Am. Jur., Negligence, Sec. 14, pp. 656-657. See also Chadwick v. Bush, 174 Miss. 75, 163 So. 823; Dr. Pepper Bottling Company of Mississippi v. Bruner, 245 Miss. 276, 148 So. 2d 199.

This common-law rule is based upon the maxim that one should use his property so as not to injure that of another, or so as not unreasonably to injure others. 38 Am. Jur., supra, Sec. 15, p. 657.

The duty of a person to use care, and his liability for negligence, depends upon the circumstances surrounding the act, under known circumstances or circumstances that should have been known to him. 38 Am. Jur., Negligence, Sec. 23, p. 665. Accordingly, it has been pointed out that "* * * the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or the doing of something which a prudent and reasonable man would not do. Concisely stated, the test of due care is the supposititious course of an ordinarily prudent and careful person under the same circumstances." 38 Am. Jur., Negligence, Sec. 30, p. 676.

The thesis of appellee's argument is that, L. V. Jackson, the driver of the truck, negligently parked his truck on the paved portion of Ingalls Avenue at the time and in such a manner as to create a dangerous situation to traffic using the street at the place where the accident occurred. Appellee cites as authority for his contention the case of Axelrod v. Krupinski, 302 N.Y. 367; 98 N.E. 2d 561.

We do not believe the "Axelrod case" is persuasive under the facts involved in the instant case, because the defendant in that case left his automobile parked upon an elevated freeway in the City of New York at a place obviously dangerous. In the instant case, there is no evidence that the traffic was of such a character as to cause a reasonably prudent person to know, or to have reason to believe, or foresee, that parking the truck in the place and in the manner here shown, was likely to cause an accident. There was ample room for the

traffic to pass south of the parked truck, under the surroundings and circumstances then prevailing.

Frank Campbell, the operator of the motor scooter, was introduced as a witness for appellee, and in answer to the question as to what happened, he testified as follows: ''After I got on to Ingalls Avenue, I started going down the road, then this green Rambler pulled out in front of me, and I slowed down and let it get out in front of me. I wasn't trying to pass it then. I followed it on down towards the school and I was going to pass it and then I saw this line of cars coming down the road and I didn't have any choice and when this Rambler pulled around this concrete truck, I was excited because I put on both brakes without letting off the gas. I was going to pull up on the curb but I missed it and I hit the right rear end of the truck.''

 As a general rule, negligence cannot be predicated on an act or omission which would not lead an ordinarily reasonably, prudent man to apprehend danger from it, or unless it might reasonably be forseen that injury would naturally or probably follow from such an act. Hebert v. Lenart, 247 Miss. 494, 153 So. 2d 658; Mauney v. Gulf Refining Company, 193 Miss. 421, 9 So. 2d 780; City of Greenville v. Laury, 172 Miss. 118, 159 So. 121; Burnside v. Gulf Refining Company, 166 Miss. 460, 148 So. 219; 38 Am. Jur., Negligence, Sec. 24, p. 667. On what evidence, then, can the verdict in this case be sustained? Defendant-truck-driver parked on a street in the city at a place where there was neither statute nor ordinance prohibiting such parking, and where there was ample room for traffic to pass unobstructed. He did nothing more than thousands are doing in every city in America. We cannot hold that these thousands of automobile owners are liable when some other person runs into their parked automobiles.

 After a careful and repeated examination of the evidence in this case, we have come to the conclusion

that the record does not disclose any evidence of the lack of due care on the part of the truck driver, defendant, on which a verdict of the jury in favor of appellee can be allowed to stand. ██ █ In order to recover for injury to a person, by reason of negligence or want of due care, there must be shown to exist some obligation or duty toward the plaintiff which defendant has left undischarged or unfulfilled. See Gulf, M. & N. R. Company v. Sparkman, 180 Miss. 456, 177 So. 760; 65 C. J. S., Negligence, Sec. 2, p. 324. Since we find no negligence attributable to the truck driver, we are of the opinion that the peremptory instruction in favor of defendants should have been granted.

Judgment of the trial court will therefore be reversed, and judgment in favor of appellants will be entered here.

Reversed and judgment rendered here for appellants.

*Lee, P. J., and Kyle, Gillespie and Jones, JJ.,* concur.